GENERAL MOTORS CORPORATION, petitioner.

Suffolk.    May 16, 1962. — June 4, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Appeal, Injuries to which act applies. *Equity Pleading and Practice,* Appeal. *Death. Proximate Cause. Death Certificate. Evidence,* Opinion: expert. *Words,* "Presumably."

The meritorious case necessary to the granting of leave under G. L. c. 214, § 28, to appeal late from the final decree of the Superior Court in a workmen's compensation case must be one worthy of presentation to this court but need not be one certain of success.  [482]

A recital in a death certificate that the cause of death was "presumably" a coronary occlusion meant that the cause was more likely than not a coronary occlusion and did not leave the cause as stated speculative or conjectural nor preclude taking the recital as prima facie evidence of the cause under G. L. c. 46, § 19.  [483]

A medical expert was entitled to assume the cause of death of an employee stated in the death certificate as the basis for an opinion that his death was causally related to his work.  [483]

The record in a workmen's compensation case supported a conclusion that aggravation of a preëxisting coronary disease of the employee by carrying heavy objects in the performance of his work, culminating in a coronary occlusion and resulting sudden death shortly after quitting work for the day, was causally related to his work and constituted an injury arising out of and in the course of his employment.  [482–483]

Dismissal of a petition under G. L. c. 214, § 28, for leave to appeal late from the final decree of the Superior Court in a workmen's compensation proceeding was appropriate where, although the petitioner presented a proper case for granting the petition, the decree of the Superior Court was correct on the record of the workmen's compensation proceeding.  [481–482, 484]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on November 1, 1961.

The case was heard by *Kirk,* J.

*Edward Wolper* for the self insurer.

*Thomas W. Callahan* for the claimant.

WILKINS, C.J.    This is a petition by a self insurer for leave to appeal late from a final decree of the Superior

Court in a workmen's compensation case.   G. L. c. 214, § 28 (as amended through St. 1960, c. 207, § 2).   It was correctly stipulated before the single justice that the failure seasonably to appeal was due to the fact that the petitioner had received no notice of the entry of the decree, and that this constituted "mistake or accident or other sufficient cause" within the meaning of § 28.   See *Liberty Mut. Ins. Co., petitioner,* 298 Mass. 75, 77.   The only issue raised was whether "any genuine questions of law were involved in the proceedings below giving rise to a meritorious cause for appeal." A final decree was entered dismissing the petition, and the petitioner appealed.

A meritorious case means one that is worthy of presentation to a court, not one which is sure of success.   *Herlihy* v. *Kane,* 310 Mass. 457, 460.   *Anderson* v. *Goodman,* 341 Mass. 704, 705.   *Medford Red Cab, Inc.* v. *Duncan,* 341 Mass. 708, 709–710.

In evidence at the hearing before the single justice were the decisions of the single member and of the reviewing board of the Industrial Accident Board in Peter Noesky's (dependents') Case, a report of the evidence before the single member, and a certificate of the employee's death from the office of the town clerk of Milford.   Noesky was employed as an assembler at the General Motors plant in Framingham.   On October 31, 1958, at 7:30 A.M. he commenced work which required him to carry bumpers twenty feet.   The bumpers weighed from forty-five to seventy-five pounds.   About 8 A.M. he complained of a "terrific pain in his chest."   He worked up until about 5 P.M.   "He was very very tired; he still had the pain in his chest."   A fellow workman drove him to Milford and left him in front of the town hall.   Twenty-five minutes later the fellow workman received a telephone call reporting that Noesky had been found dead.   He was survived by a wife and daughter.   The death certificate gives as the disease or cause of death: "Presumably coronary occlusion.   Sudden — found beside car in his front yard by his daughter."

Before the single member, Dr. Sawyer Foster, called as

an expert witness by the claimant, testified in substance in answer to hypothetical questions that, assuming a coronary occlusion was the cause of death, the employee had an underlying disease of the coronary arteries, and that the type of heavy labor he performed would have a deleterious effect upon the vascular system of the heart and muscles of the heart and would aggravate an underlying disease condition and be a contributing cause to death.

The reviewing board found, "based on the opinion of Dr. Sawyer Foster, that the decedent had an underlying disease of the coronary artery which was manifested by chest pain on October 31, 1958. . . . that . . . the work of carrying these bumpers aggravated this preëxisting disease of the coronary artery causing his death. . . . [S]uch aggravation and death were causally related to the employee's work and constitute an injury arising out of and in the course of his employment."

The petitioner argues that there is no probative value in the phrase in the death certificate, "presumably coronary occlusion," standing alone, to support the award of compensation when a prerequisite to such award is a finding that the cause of death was in fact coronary occlusion.

By G. L. c. 46, § 19 (as amended through St. 1950, c. 366), it is provided, "The record of the town clerk relative to a birth, marriage or death shall be prima facie evidence of the facts recorded . . . ." We think that, read in connection with the purpose of the statute, the cause of death is not rendered speculative or conjectural by the presence of the word "presumably." While it is conceded in the claimant's brief that an opinion of a medical witness could not be equivocal (see *Sevigny's Case,* 337 Mass. 747, 751; *Hachadourian's Case,* 340 Mass. 81, 85–86), the certificate is, in effect, a statement that, more likely than not, the cause of death was as stated. Compare *Krantz* v. *John Hancock Mut. Life Ins. Co.* 335 Mass. 703, 709–711. We think that anyone, including a layman, who reads the statement would so understand it, and that it was open to Dr. Foster so to accept it as a basis for his opinion.

From the length of this discussion, it is obvious that the self insurer had a meritorious case, and the petition could, without error, have been granted. The single justice, however, took a short cut which has brought us the merits of the case.

The decree dismissing the petition is affirmed. Costs and reasonable expenses under G. L. c. 152, § 11A, inserted by St. 1945, c. 444, as amended, shall be allowed by the single justice.

*So ordered.*