HARRY TRAGER, petitioner.

Suffolk. March 7, 1963. — April 1, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, & KIRK, JJ.

*Equity Pleading and Practice,* Appeal. *Words,* "Mistake or accident or other sufficient cause."

After the entry of a final decree in a suit in equity, an assumption "[b]y mistake and in good faith" by counsel for a party that a copy of the final decree sent by the clerk and bearing the notation that it had been "filed" was "a form of draft decree upon the entry of which a hearing would later be held" constituted "mistake or accident or other sufficient cause" warranting a single justice of this court, upon correctly determining that the case was worthy of presentation to this court, in granting a petition by that party under G. L. c. 214, § 28, as amended by St. 1960, c. 207, § 2, for leave to appeal late from the decree.

PETITION filed in the Supreme Judicial Court for the county of Suffolk on July 23, 1962.

The case was heard by *Cutter,* J.

*Vincent Galvin* (*Samuel H. Cohen* with him) for John Trager.

*Samuel H. Lewis* for Harry Trager.

WILKINS, C.J. This is a petition for leave to appeal late under G. L. c. 214, § 28 (as amended through St. 1960, c. 207,

§ 2).   The petitioner is the plaintiff in a suit in equity in the Superior Court in which the respondents Celia Schwartz, Ely Trager, John Trager, and Northeastern-Malden Barrel Co., Inc. are the defendants.   The petition was heard upon statements of counsel by a single justice, who ordered the entry of a decree allowing the petition.   The respondent John Trager appealed.

The facts appear in the findings of the single justice. The equity case was heard by a judge, who ceased its consideration without making findings.   By agreement the reported evidence was submitted to another judge, who, on June 26, 1962, not only made findings, but caused a final decree to be entered.   On or soon after that date counsel for the plaintiff (the petitioner here) "obtained" a copy of the findings.   At about the same time the clerk sent him a copy of the final decree which bore a notation that it had been "filed."   "By mistake and in good faith, counsel for the petitioner assumed this decree to be a form of draft decree upon the entry of which a hearing would later be held."   He at all times intended to appeal.   After the twenty-day period for appeal expired, G. L. (Ter. Ed.) c. 214, § 19, the petitioner's counsel, upon return from a vacation, discovered about July 22 or 23, 1962, that he had failed by mistake to claim an appeal seasonably.   There was no prejudicial change of position by any defendant between June 26 and the filing of this petition on July 23, 1962.

The single justice, in reliance upon *General Motors Corp. petitioner,* 344 Mass. 481, ruled that certain questions of law were or might be sufficiently substantial to constitute a meritorious case in that they were worthy of presentation to a court even if not sure of success.   These questions will be referred to in *Trager* v. *Schwartz, post,* 653, decided this day.   In his findings, rulings, and order the single justice observed that on appeal if the evidence should be reported (as it is) the full court would be in substantially the same position as the judge of the Superior Court who did not hear or see the witnesses; and that the scope of review would be at least as broad as that described in *Skil Corp.* v. *Barnet,* 337 Mass. 485, 487–488.

The single justice ruled that at least since the amendment of G. L. c. 214, § 28, by St. 1960, c. 207, § 2, a justice of the supreme judicial court has authority and discretion to permit a late appeal in circumstances where such action will tend to accomplish justice and prevent the loss of an appeal because of a mistake of counsel made in good faith.

Section 28, as amended, provides: "A party who has, by mistake or accident or other sufficient cause, omitted to claim an appeal from a final decree within the time prescribed therefor may, within one year after the entry of the decree from which he desires to appeal, petition the supreme judicial court for leave to appeal, which may be granted upon terms by any of the justices of that court. Such petition shall be filed with the clerk of the supreme judicial court for Suffolk county."

The chief purpose of St. 1960, c. 207, was to provide that certain interlocutory matters should be heard in the first instance by a single justice instead of by the full court. Among such matters were petitions for the late entry in the full court of appeals seasonably taken or of bills of exceptions or reports seasonably allowed. See c. 207, § 1. These previously had been covered by G. L. c. 211, § 11 (as amended through St. 1933, c. 300), where the grounds for action were "mistake or accident or other sufficient cause." In order to bring the amended sections into symmetry, the ground of "other sufficient cause" was introduced into §§ 2 and 3 of c. 207 relating, respectively, to appeals from the Superior Court and the Probate courts.

We are of opinion that the facts outlined by the single justice could be found to constitute "mistake or accident or other sufficient cause" and that he correctly ruled that there was a meritorious case. The cases cited by the respondent are not authorities to the contrary.

The respondent's contentions that no mistake is specified in the petition and that there was no evidence or affidavit of "mistake or accident or other sufficient cause" ignore the fact that the single justice, without objection, heard the petition upon statements of counsel.

*Decree affirmed.*