CITY OF FALL RIVER, petitioner.

Suffolk.     May 6, 1963. — July 2, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Equity Pleading and Practice,* Appeal, Judicial discretion.

At least since the amendment of G. L. c. 214, § 28, by St. 1960, c. 207, § 2, a single justice of this court has authority and discretion to permit a late appeal from a final decree in a suit in equity in circumstances where such action will tend to accomplish justice and prevent the loss of an appeal because of a mistake of counsel made in good faith.   [335]

A finding by a single justice of this court that counsel for the respondent in a suit in equity omitted to claim an appeal seasonably from the final decree "by accident or mistake" within G. L. c. 214, § 28, as amended by St. 1960, c. 207, § 2, was warranted where it appeared that following the entry of orders for decrees in the subject suit and in a companion suit against the respondent and subsequent conferences between counsel, the final decree was entered in the subject suit and notice thereof was received in the office of the respondent's counsel in due course but not brought to his attention, that subsequently the final decree was entered in the companion suit and receipt of the notice thereof led to the discovery of the notice of the final decree in the subject suit by the respondent's counsel as he "began to prepare both matters for appeal," and that the respondent intended to appeal from the final decrees in both suits and seasonably appealed from the final decree in the companion suit.   [334–335, 336]

A single justice of this court did not exercise his discretion improperly in allowing a petition under G. L. c. 214, § 28, as amended by St. 1960, c. 207, § 2, to appeal late from the final decree in a suit in equity where it appeared that the petitioner's counsel had omitted to claim an appeal by "accident or mistake," that the petition was filed promptly after the petitioner's counsel discovered the error, that no evidence was presented that the respondents would be prejudiced by the allowance of the petition, and that the single justice rightly ruled that the case presented to this court by an appeal would be "meritorious" and "worthy of presentation."   [336]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on September 5, 1962.

The case was heard by *Whittemore, J.*

*H. William Radovsky* for the respondent.

*John T. Farrell, Jr.,* Assistant Corporation Counsel, for the petitioner.

SPALDING, J.   This is a petition for leave to appeal late under G. L. c. 214, § 28 (as amended through St. 1960, c. 207, § 2).

The facts are as follows: On May 29, 1962, orders for decrees were made in the cases of *Albernaz* v. *Fall River,* and a companion case, *Bishop* v. *Fall River, post,* 336, 342. These were petitions in equity brought under G. L. c. 31, § 47E, to enforce certain provisions of the civil service law. In both cases the trial judge ordered decrees to be entered in favor of the employee-petitioners.   Counsel for the city and the employees then conferred during mid-July of 1962 to determine the form of the final decrees in the two proceedings.   Both assented to the form of the decree in the *Albernaz* case, and on July 25, 1962, a final decree was entered in that case and notice of the decree was sent to each.   The decree in the *Bishop* case was entered on August 15, 1962, following conferences by counsel in July and early August as to the form of the decree, and notice of its entry was sent to counsel.   Counsel for the city planned to take an appeal in both cases.   The attorney for the city does not deny receiving timely notice of the entry of the decree in the *Albernaz* case.   In his supporting affidavit to the present petition he stated that this notice first came to his attention on August 23, 1962, when he "began to prepare both matters for appeal."   On August 27 the petitioner filed a timely appeal in the *Bishop* case and on September 5 filed this petition for leave to appeal late in the *Albernaz* case.

The single justice entered a decree allowing the petition, and the respondents appealed.   The pertinent findings and rulings of the single justice were as follows: "I find that the notice of final decree dated July 25, 1962 was received in the office of the corporation counsel in due course, but through accident or mistake did not come to the attention of the corporation counsel or his assistant in charge of the case.   The city intended to appeal and was preparing for the appeal of the subject case and a like case in which an appeal has been taken.   Receipt of notice of the final decree in the other case led to the discovery of the entry of the

final decree of July 25, and the notice thereof. I rule that the omission to claim an appeal within the statutory time was by accident and mistake within the requirements of G. L. c. 214, § 28. I rule that the appeal will present a 'meritorious case . . . worthy of presentation to a court . . . [even if] not one which is sure of success.' General Motors Corporation, petitioner [344 Mass. 481] . . . . It is the issue which will come before the full court on the appeal in the companion case.''

Leave to appeal late may be granted when a party omits to claim an appeal from a final decree within the required time "by mistake or accident or other sufficient cause." G. L. c. 214, § 28. In his brief, counsel for the petitioner states that "no reason can be ascribed for failure to become cognizant of the postcard [giving notice of the entry of the final decree in the *Albernaz* case] but the fact remains that counsel for the city was not aware in time to seasonably file its appeal."

In *Trager, petitioner,* 345 Mass. 650, 652, the single justice, whose decision was affirmed on appeal, ruled that at least since the amendment of G. L. c. 214, § 28, by St. 1960, c. 207, § 2, a justice of the Supreme Judicial Court has authority and discretion to permit a late appeal in circumstances where such action will tend to accomplish justice and prevent the loss of an appeal because of a mistake of counsel made in good faith. We think that this is a correct statement of the powers vested in a single justice in a case of this sort. And while we are not disposed to interpret this and the related statutes amended by St. 1960, c. 207, so as to encourage or condone "carelessness, ignorance, [or] laxity" on the part of counsel (see *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43, 45), neither are we disposed to construe them so as to thwart their purpose: the relief from hardship in meritorious cases. This view, we think, is consonant with our decisions interpreting statutes of this type. See, for example, *Jackson* v. *Goddard,* 1 Mass. 230; *Capen* v. *Skinner,* 139 Mass. 190, 191-192; *Nash* v. *Whitcomb,* 225 Mass. 487, 490; *O'Neill* v. *O'Neill,*

229 Mass. 508, 510. These decisions hold that the court is vested with very broad discretion in administering such statutes.

We conclude that the single justice did not exercise his discretion improperly in finding "that the notice of final decree dated July 25, 1962, was received in the office of the corporation counsel in due course, but through accident or mistake did not come to the attention of the corporation counsel or his assistant in charge of the case." *Trager, petitioner,* 345 Mass. 650, 652. The petitioner's timely appeal in the *Bishop* case indicates that it intended to appeal and did not fail to file its appeal in the *Albernaz* case in order to gain an unfair advantage. The petitioner sought leave to appeal late promptly after its counsel discovered the error, and no evidence was presented to show that the respondents were prejudiced by change of position or otherwise by the allowance of the petition. *Dondis* v. *Lash,* 277 Mass. 477, 481–482.

The single justice rightly ruled that the appeal would present a "meritorious case . . . worthy of presentation to a court." *General Motors Corp., petitioner,* 344 Mass. 481. The correctness of this ruling will become apparent in the opinion on the merits in the companion case of *Albernaz* v. *Fall River, post,* 336.

*Decree affirmed.*