VICTOR G. FIELDS, petitioner. March 4, 1966. This is a petition for leave to appeal late from a decree of the Superior Court. By order of a single justice, there was entered a decree dismissing the petition, and the petitioner appealed. We observe no error. It does not appear that the petitioner has a meritorious case. See *Board of Health of Franklin* v. *Hass,* 342 Mass. 421, 422–423. An examination of the original papers in the court below confirms this conclusion. We do not decide whether failure to appeal was due to "mistake or accident or other sufficient cause." See *Trager, petitioner,* 345 Mass. 650, 652.

*Decree affirmed.*

*Victor G. Fields,* pro se, submitted a brief.


GERALD J. KELLEHER & another *vs.* STIG E. ROSENBERG & others. March 7, 1966. The plaintiffs appealed from a final decree dismissing their bill for specific performance of an agreement to sell a certain parcel of land. The judge made a report of material facts and the evidence is reported. The judge found that "papers were to be passed on November 7th [1964] and that time was the essence of the contract." The agreement expressly provided that the premises were to be conveyed on or before that date. "Kelleher [the buyer] and Rosenberg [the seller] understood the date to be November 7th throughout their dealings with each other." The contract required the seller to vacate the premises by November 7, 1964. Other provisions of the contract specifying "four (4) months from the date [July 14, 1964] hereof" referred solely to the buyer's ability "to rescind the agreement if he fails to obtain financing or a lease" on terms acceptable to him. On November 6, Kelleher "asked for and was refused an extension of the agreement." The next day was a Saturday and the registry of deeds was closed. The following Monday, November 9, 1964, Rosenberg appeared at the registry with a deed "intended to tender to Kelleher." Kelleher did not appear. The next day Kelleher accepted "without protest the return of his $5,000.00 deposit" by means of a check which he cashed. On November 13, when told by Rosenberg of an impending sale of the property to First National Stores Inc. of Somerville, Kelleher said, "It's all right, if you can live with it." The plaintiffs contend that Kelleher had until November 14 to tender the consideration, and that time was not of the essence. Even if we assume that there was an ambiguity in the contract regarding the date for passing papers, the conduct of the parties shows that November 7 was the date agreed on. See *Atwood* v. *Boston,* 310 Mass. 70, 75; *C. K. Smith & Co. Inc.* v. *Charest,* 348 Mass. 314, 319. The provisions of the agreement and the conduct of the parties were sufficient to justify the determination that time was of the essence. See *Preferred Underwriters, Inc.* v. *New York, N. H. & H. R.R.* 243 Mass. 457, 463, 464. There was no error.

*Decree affirmed.*

*Melvin S. Louison* (*Arnold Bloom* with him) for the plaintiffs.
*Albert C. Doyle* for Stig E. Rosenberg & another (*Jeremiah W. Mahoney & Warren Patten,* with him, for First National Stores, Inc.).