ROBERT W. FOSTER, petitioner. May 5, 1969. This is a petition for leave to appeal late from a decree of the Superior Court for Norfolk County. It is alleged that failure to appeal was due to accident or mistake. G. L. c. 214, § 28, as appearing in St. 1960, c. 207, § 2. The single justice denied the petition as matter of discretion. See *Trager, petitioner*, 345 Mass. 650, 652; *Fall River, petitioner*, 346 Mass. 333, 335. No abuse of discretion appears. There is no convincing explanation of the accident or mistake. It does not appear that the petitioner had a meritorious case. See *General Motors Corp.*, petitioner, 344 Mass. 481, 482, and cases cited. Further, the petition was not brought within "one year after the entry of the decree from which he desires to appeal."

> *Decree denying petition affirmed.*

*Roger F. Turner* for the petitioner.
No argument or brief for the respondents.

NEW BEDFORD, WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY *vs.* ISLAND STEAMSHIP LINES, INC. & others. May 5, 1969. The Superior Court in Bristol County in September, 1967, issued a routine notice for the dismissal of old cases. It stated that suits in equity which were entered prior to September 1, 1966, and were still undisposed of, might be dismissed without prejudice. On September 12, 1967, a final decree dismissing the bill without prejudice was entered in the case at bar. On September 18, 1967, an order was made reciting that a final decree in the case at bar had been entered on July 30, 1959; that what had come on to be heard on September 12, 1967, was certain petitions for contempt; that the final decree purportedly dismissing the bill without prejudice on that date was not in proper form and was to be vacated; and that a substituted final decree was to be entered nunc pro tunc. By the substituted decree four petitions for contempt (filed on June 22, 1964, July 21, 1965, June 28, 1966, and June 30, 1966) were dismissed without prejudice. The defendants appealed, and contend that notwithstanding the recitals in the order and the decree of September 18 the court nevertheless intended to dismiss the original bill. We are informed that this would terminate an injunction against the defendants operating a boat between the islands and the mainland. Cf. *Nantucket Exp. Lines, Inc.* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 350 Mass. 173. Much of the defendants' argument is not supported by the record, and read with it presents nothing suitable for intelligent discussion in an opinion. We do not accept the contentions of the defendants. These are frivolous and an imposition on the court. The appeal is dismissed with double costs.

> *So ordered.*

*Roger F. Turner* for the defendants.
*Henry P. Monaghan* for the plaintiff.