HOME INSURANCE COMPANY & another, petitioners. April 3, 1970. Two insurance companies, which were held liable upon certain insurance policies in the Superior Court and were ordered to pay a certain judgment against their insured, bring this petition in the county court and allege that "through accident or mistake they omitted to claim an appeal within the time prescribed by law." G. L. c. 214, § 28, as amended through St. 1960, c. 207, § 2. Under this statute a single justice has discretion to permit a late appeal in circumstances where such action will tend to accomplish justice and to prevent the loss of an appeal because of a mistake of counsel made in good faith. *Trager, petitioner,* 345 Mass. 650, 652. *Fall River, petitioner,* 346 Mass. 333, 335. The petitioners contend that they fall within this principle, and allege that their error was that they "were under the mistaken impression that request for rulings could not be made in an equity case, and that the proper method for having the case heard on appeal was by bringing a bill of exceptions." The single justice entered a decree reciting that the case was heard on arguments of counsel and denied the petition. The petitioners appealed. There is no report of the proceedings before the single justice, who made no findings of fact, and was not requested to make any. In the circumstance his decree was conclusive. The only question open is his power to enter the decree. *Poll-Parrot Beauty Salons, Inc.* v. *Gilchrist Co.* 296 Mass. 451, 452. *Dunn* v. *McSweeney,* 338 Mass. 270, 273. See *Berman* v. *Horsemen's Benevolent & Protective Assn.* 354 Mass. 768. The petitioners were not entitled to findings in their favor as matter of law. There is nothing to show an abuse of discretion in the denial of the petition.

*Decree affirmed.*

*William G. Downey* (*Edwin R. Trafton* with him) for the petitioners.
*Harry Kisloff* (*Morton J. Shuman* with him) for Frances Marino, administratrix.
*C. Richard Clark,* for Rose Marie, Inc. joined in a brief.