Eddie Willie **TAYLOR**, Petitioner-Appellant,

v.

**STATE OF ARIZONA** et al., Frank A. Eyman, Warden, Respondents-Appellees.

No. 23073.

United States Court of Appeals, Ninth Circuit.

March 31, 1970.

Rehearing Denied April 17, 1970.

Lawrence Ollason (argued), Tucson, Ariz., for petitioner-appellant.

Carl Waag (argued), Deputy Atty. Gen., Gary Nelson, Atty. Gen., State of Arizona, Phoenix, Ariz., for respondents-appellees.

Before MADDEN,* Judge of the United States Court of Claims, and HAMLEY and BROWNING, Circuit Judges.

PER CURIAM.

Petitioner was convicted of robbery and sentenced in the Superior Court of Maricopa County, Arizona, to a term of twenty to forty years' imprisonment. The conviction was affirmed by the Arizona Supreme Court, State v. Taylor, 99 Ariz. 85, 407 P.2d 59 (1965).

Petitioner then filed this petition for habeas corpus in the federal district court. The district court considered and rejected each of petitioner's contentions in a written memorandum and ordered the petition dismissed without an evidentiary hearing.

We agree with the result reached by the district court (though not in all instances with the reasons given) as to all of petitioner's contentions but one.

Petitioner alleged that a photograph seized in the course of an illegal search of his apartment was introduced against him at trial. The district court rejected this contention on alternative grounds, holding (1) that petitioner waived his right to raise the point on habeas corpus by failing to raise it at trial or in his state appeal, and (2) that "[e]ven if it was error to admit the photograph * *

---

* Honorable J. Warren Madden, Senior Judge of the United States Court of Claims, sitting by designation.

such error did not materially prejudice the petitioner in his trial."

█ As to the first ground, we recently pointed out in Pineda v. Craven, 424 F.2d 369, 371 (9th Cir. March 16, 1970), that "[t]he failure to assert [a] Fourth Amendment claim at the time of trial does not foreclose [a petitioner's] federal habeas attack unless that failure was the result of a deliberate bypass or a waiver complying with the standard of Johnson v. Zerbst, (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 * * *"; and "when the state court has not held an evidentiary hearing and has not thereafter reliably found the facts affecting the federal constitutional claim, the federal habeas court must hold its own evidentiary hearing and itself find the relevant facts."

█ The district court's alternate ground is also inadequate. When as in the present case, the asserted error involves the denial of a federal constitutional right, "the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). See also Harrington v. California, 395 U.S. 250, 251–252, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). The district court did not purport to apply this strict standard; and from our examination of the record of petitioner's state trial we think it could not be said that introduction of the photograph, if improper, was "harmless beyond a reasonable doubt."

█ The record does not clearly establish, however, that petitioner has exhausted all presently available state remedies with regard to the alleged Fourth Amendment violation as required by 28 U.S.C. § 2254(b). Petitioner alleges that "all grounds have been presented to State Courts, including the attached petition," and respondent does not controvert this allegation in its reply to the order to show cause issued by the district court. It would appear from other statements in the petition, however, that petitioner may have meant only that he filed this petition and an earlier one in the *federal* district court for the District of Arizona.

██ We therefore remand the cause to the district court with instructions to determine whether any state remedy is available to petitioner. If it is, the order of dismissal will stand. If no such remedy is available, petitioner is entitled to a hearing on whether he deliberately bypassed state remedies. In the event the district court finds in his favor on that issue, or chooses in its discretion not to dismiss the petition on the bypass ground, petitioner is entitled to a hearing on the merits of his search and seizure claim.

Reversed and remanded for further proceedings.