Paul Edward BLAYLOCK, Appellant,

v.

C. J. FITZHARRIS, Superintendent, Appellee.

No. 26714.

United States Court of Appeals, Ninth Circuit.

Feb. 17, 1972.

Rehearing Denied March 22, 1972.

Paul E. Blaylock, in pro. per.

Evelle J. Younger, Cal. Atty. Gen., Daniel J. Kremer, James D. Garbolino, Deputy Attys. Gen., Sacramento, Cal., for appellee.

Before HAMLEY, ELY and TRASK, Circuit Judges.

## PER CURIAM:

Blaylock is a California state prisoner. Claiming that certain of his federal constitutional rights had been infringed, he filed a petition for habeas corpus in the District Court. The District Court, without conducting an evidentiary hearing, denied the petition upon the grounds that Blaylock had failed to exhaust available state court remedies and that he had deliberately bypassed the California courts.

Blaylock's state court conviction was for the offense of manslaughter, and he did not take a timely appeal from that conviction. Subsequently, he sought un-successfully to take an untimely appeal to the California appellate courts, and he was also unsuccessful in obtaining relief by way of habeas corpus in the California courts.

We have concluded that Blaylock did in fact exhaust his available state court collateral remedies, and here, the appellee does not argue to the contrary.

The District Court apparently arrived at its conclusion that Blaylock had deliberately bypassed the state courts because he failed promptly to take a direct appeal from the state court judgment of conviction. On the deliberate bypass issue, the Supreme Court has set forth the appropriate standard as follows:

"If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default."

Fay v. Noia, 372 U.S. 391, 439, 83 S. Ct. 822, 849, 9 L.Ed.2d 837 (1963).

█ In applying the foregoing standard adversely to Blaylock, the court apparently relied upon two statements supplied by Blaylock in the court's standard habeas corpus form. Blaylock wrote that he did not promptly take a state court appeal because he "[d]id not know [his] rights had been violated" and because he "[w]as advised by appointed attorney not to appeal." We do not interpret either of these statements as clearly revealing that Blaylock "understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts . . . ." As we interpret Fay v. Noia,

the deliberate bypass rule may not be applied against one who does not knowingly and understandingly participate in the choice not to take an appeal from a state court conviction. *Id.* at 439, 83 S.Ct. 822. Moreover, Fay v. Noia held that a habeas petitioner is entitled to an evidentiary hearing on the issue, if genuine, of deliberate bypass, and our court has, of course, consistently followed this direction. Pineda v. Craven, 424 F.2d 369, 371 (9th Cir.1970); Taylor v. Arizona, 424 F.2d 271, 273 (9th Cir.1970).

Upon remand, the District Court must conduct an evidentiary hearing on the deliberate bypass issue, and if that issue is resolved in Blaylock's favor, conduct the necessary inquiry into Blaylock's claims as to the infringement of rights guaranteed to him by the federal constitution.

Reversed and remanded.