Sabatino **FONDANOVA**, Petitioner-Appellant,

v.

**Robert J. MOORE, etc., Respondent-Appellee.**

No. 72–1057.

United States Court of Appeals, First Circuit.

Submitted May 12, 1972.

Decided May 24, 1972.

Sabatino Fondanova, pro se.

Robert H. Quinn, Atty. Gen., John J. Irwin, Jr., Asst. Atty. Gen., Chief, Crim. Div., and Charles E. Chase, Asst. Atty. Gen., on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of a petition for a writ of habeas corpus for failure to exhaust state court remedies. Petitioner states in his brief that "resolution of this appeal . . . would settle the constantly reoccurring problems concerning unrepresented litigants." We wish that were so. This is one more case where a petitioner fails to carry through in the state court but, as soon as he receives a rebuff, hurries over to the federal court, leaving his state court proceedings incomplete.*

It is true that retained counsel in the state court failed to file his claim of exceptions within the period stated in the rules. If this were a deliberate by-pass-

---

* We may add that to describe petitioner as unrepresented is only a half truth. Petitioner persistently refused court-appointed counsel. Later in the state proceedings he was represented by counsel of his own choosing. He appears here assisted by a fellow inmate.

ing of the state remedy, that was the end of the road, both there and here. Fay v. Noia, 1963, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837; *cf.* Mottram v. Murch, 1 Cir., 1972, 458 F.2d 626. If it was, as petitioner alleges, accidental, because of neglect of counsel, then petitioner had a remedy left. Mass.G.L. c. 214, § 28; City of Fall River, petitioner, 1963, 346 Mass. 333, 191 N.E.2d 774; General Motors Corp., petitioner, 1962, 344 Mass. 481, 182 N.E.2d 815. The fact that relief was discretionary does not excuse asking for it. This avenue is still open to petitioner.

Exhaustion of state remedies is not accomplished by half-hearted attempts. Whether petitioner's failure was deliberate or otherwise, the result is the same.

Affirmed.