Lionel WILLIAMS, Petitioner,

v.

Louis C. GRECO, Warden, House of Correction for Men, Respondent.

No. 77 Civ. 1138.

United States District Court,
S. D. New York.

Dec. 20, 1977.

Lionel Williams, petitioner pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, for respondent.

VINCENT L. BRODERICK, District Judge.

Petitioner is currently incarcerated at the Auburn State Correctional Facility. By petition for writ of habeas corpus, he attacks his state conviction for armed robbery. He has also filed what I interpret as a claim under 42 U.S.C. § 1983 for damages predicated upon violation of his constitutional rights under color of state law. The merits of each action will be considered separately.

### The Habeas Corpus Action

The chronology of events leading to this petition controls the outcome of the case. Williams was arrested on June 2, 1972. He was arraigned on assault and armed robbery charges eight days later. The arraignment took place in a hospital where Williams was recuperating from injuries sustained, he asserts, at the hands of the arresting officers. On December 22, 1976, four and one-half years after he had been indicted, Williams petitioned this court for habeas relief.[1] At that time, he had not been tried for any of the June, 1972 crimes. The petition was not docketed until March 9, 1977, when Williams was allowed to proceed in forma pauperis in this court. Finally, on April 21, 1977, petitioner was convicted and sentenced on the robbery charge in New York County Supreme Court.[2] Between arrest and conviction, Williams spent 918 days in jail awaiting trial. The substantial delay was apparently caused by a series of postponements obtained by the attorney for the petitioner. The case was assigned to this court on June 8, 1977.

New York's Criminal Procedure Law § 460.10 provides that a defendant wishing to appeal his conviction must, within thirty days following the imposition of his sentence, file a notice of appeal with the trial

---

1. Petitioner asserts that his constitutional rights were violated by the police and the District Attorney. His claims can be summarized under the following headings:

    (1) brutal beatings by police officers,
    (2) false arrest,
    (3) illegal search,
    (4) improper identification,
    (5) denial of the right to counsel, and

    (6) delay in being arraigned.

The disposition of this petition precludes our passing on any of these alleged improprieties, the details of which are set forth in a later portion of this opinion.

2. The assault charge has apparently been dropped. The April conviction was for armed robbery.

court. As the Attorney General has pointed out, the thirty day period in this case expired on May 31, 1977 and petitioner never filed.

The question thus presented is whether or not petitioner has exhausted the available State remedies within the meaning of 28 U.S.C. § 2254(b) and (c). These subsections provide that:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

■■■ Absent extraordinary circumstances, a federal court will not grant a habeas corpus petition unless the petitioner has fully exhausted the appellate procedures of the convicting state. *Schechtman v. Foster,* 172 F.2d 339 (2d Cir. 1949) (L. Hand, J.); *See United States ex rel. Griffin v. Martin,* 409 F.2d 1300 (2d Cir. 1969); *Fondanova v. Moore,* 460 F.2d 308 (1st Cir. 1972); *Blaylock v. Fitzharris,* 455 F.2d 462 (9th Cir. 1972), *cert. denied,* 409 U.S. 948, 93 S.Ct. 286, 34 L.Ed.2d 218 (1972); *Perry v. Decker,* 415 F.2d 773 (5th Cir. 1969), *cert. denied,* 397 U.S. 998, 90 S.Ct. 1143, 25 L.Ed.2d 408; *Pugh v. Hull,* 419 F.Supp. 39 (D.Conn.1976). As the court said in *Clark v. Nickeson,* 321 F.Supp. 415 (D.Conn.1971), "[w]here remedies afforded by state appellate procedure have not been exhausted, a federal petition for habeas corpus should be denied without prejudice," *citing Ex parte Davis,* 318 U.S. 412, 63 S.Ct. 679, 87 L.Ed. 868 (1943).

Unfortunately for this petitioner, the thirty-day time limit established for the filing of his notice of appeal has elapsed. New York, however, does provide for an extension of this period so long as the would-be appellant can demonstrate that the failure to file a timely notice of appeal "resulted from improper conduct of a public servant or from improper conduct, death or disability of the defendant's attorney." N.Y.Crim.Proc.Law § 460.30(1). Petitioner's recourse would appear to be in the direction of this statute. *Tippet v. Nelson,* 331 F.Supp. 383 (C.D.Cal.1971). As the First Circuit Court of Appeals, in *Fondanova* pointed out: "If [petitioner's failure to enter a timely appeal] were a deliberate by-passing of the state remedy, that was the end of the road, both there and here. . . . If it was . . . accidental, . . . then petitioner had a remedy left." *Fondanova v. Moore,* 460 F.2d 308, 309.

■■■ Since petitioner has now been convicted in state court, it is irrelevant that he filed in this court for habeas corpus relief before his state conviction, rather than after. Had Williams been untried at the time his petition was considered by this court, a serious question of confinement without trial would have been presented. The intervening state conviction, however, afforded petitioner the opportunity to test the legality of his confinement in the state appellate courts. Whether he has lost this opportunity by neglect or design we need not decide at this time. The fact that he still has the possibility of an appeal (as well as various avenues of state collateral attack codified in C.P.L. § 440.10) precludes federal habeas review.[3]

### The § 1983 Claim

On June 6, 1977, Williams filed in this court a document labelled "Answer". This

---

3. A state must be afforded an opportunity to set its own "constitutional house" in order before resort is made to the federal courts. To meet this exhaustion requirement a federal ha- beas corpus petitioner must present his claim to the state courts at least once on direct or collateral review. *Fielding v. LeFevre,* 548 F.2d 1102 (2d Cir. 1977).

document responds, in part, to the Attorney General's affidavit in opposition. It also alleges various violations of petitioner's constitutional rights and makes reference to 42 U.S.C. § 1983. A subsequent letter to this court from Williams alleged damages in the amount of $3.5 million. Construing these papers liberally, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it would seem that petitioner has squarely alleged a § 1983 violation and the June 6 papers together with the letter will be treated as a § 1983 complaint.

The facts alleged in the "complaint" are as follows: On the night that he was arrested, petitioner was being chased by a group of citizens. They believed him to be the man who had robbed a neighborhood store some time earlier. Two police officers, one named Robert E. Cruz, the other unidentified, extracted Williams from the mob and took him down to the station house. They removed his valuables and, after an hour, brought the robbery victim in to identify Williams. Although the victim was unable to make any positive identification, Cruz booked the petitioner. When Williams asked for an attorney, Cruz and another officer named Welpley began beating him. The beatings lasted through the night and Williams was taken to the hospital suffering from a broken arm, a severed ear, broken hands and hip and a fractured skull. His teeth were also kicked out and he was suffering from internal bleeding. He was still in the hospital eight days later when his arraignment on assault and armed robbery charges took place.

Petitioner further alleges that at a preliminary examination on the assault charge, Officer Cruz denied he was the arresting officer, a misrepresentation suborned by a Mr. Krusman of the District Attorney's office.

Petitioner also alleges that the assault charge was a mere subterfuge put forth in part to strengthen the chances for conviction on the armed robbery charge and in

part to justify the brutal beatings accorded him.

■ The fatal flaw in Williams' 1983 "complaint" is his failure to pursue the proper parties. The June 6 "complaint" names Louis C. Greco (who, at the time the papers were filed, was the superintendent of petitioner's prison) as the sole party. While he appears to have alleged a good cause of action against Officers Cruz, Welpley and perhaps several others, none of these persons has been named or served as a party defendant. Furthermore, Greco is not mentioned anywhere in the various papers, nor is there any allegation of prison brutality. The Attorney General, who has responded to the original habeas corpus petition, has not been served with any of the papers here referred to collectively as the § 1983 "complaint".

Since none of the parties accused of misconduct is properly before the court, "no relief which directly affects them may properly be granted." *COPPAR v. Rizzo,* 357 F.Supp. 1289, 1319 (E.D.Pa.1973), *aff'd,* 506 F.2d 542 (3 Cir. 1974), *rev'd on other grounds,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The "complaint" must therefore be dismissed.

Williams' petition for writ of habeas corpus is therefore denied without prejudice and his § 1983 "complaint" is dismissed without prejudice to his right to bring an action against the proper parties.[4]

SO ORDERED.

---

4. To the extent that petitioner's plethora of letters to my chambers contains language which may be read as a motion for the appointment of counsel, that motion is denied without prejudice to being renewed at an appropriate time.