COMMONWEALTH *vs.* PETER BARCLAY.

Norfolk. April 4, 1996. - March 7, 1997.

Present: WILKINS, C.J., LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal,* Appeal, Sentence. *Rules of Appellate Procedure. Supreme Judicial Court,* Superintendence of inferior courts.

A Superior Court judge erred in considering and allowing a timely filed motion to revise or revoke a criminal sentence pursuant to Mass. R. Crim. P. 29 more than six years after sentence was imposed, where that length of time was unreasonable under the holding of *Commonwealth* v. *Layne,* 386 Mass. 291, 295-296 (1982). [380-381]

INDICTMENT found and returned in the Superior Court Department on July 1, 1987.

Motions to revise or revoke sentence and subsequently for reconsideration were heard by *J. Harold Flannery,* J.

A motion to enlarge the time in which to file a notice of appeal was heard in the Appeals Court by *Charlotte A. Perretta,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert C. Cosgrove,* Assistant District Attorney, for the Commonwealth.

*Donald A. Harwood* (*Kevin J. Reddington* with him) for the defendant.

O'CONNOR, J. On July 1, 1987, a Norfolk County grand jury indicted the defendant, Peter Barclay, for the murder of Mark Steven Kaufman. On February 22, 1988, the defendant pleaded guilty to so much of the offense as alleged manslaughter, and on March 30, 1988, the judge sentenced him to from fifteen to eighteen years to be served at the Massachusetts Correctional Institution at Cedar Junction.

The defendant timely filed a motion to revise or revoke his sentence pursuant to Mass. R. Crim. P. 29, 378 Mass. 899 (1979), accompanied by an affidavit in support of the motion. Rule 29 (a) provides, in pertinent part:

> "Revision or Revocation. The trial judge upon his own motion or the written motion of a defendant filed within sixty days after the imposition of a sentence . . . may upon such terms and conditions as he shall order, revise or revoke such sentence if it appears that justice may not have been done."

On July 26, 1994, more than six years after filing this motion, defense counsel wrote a letter to the sentencing judge in which, for the first time, he requested a hearing on the motion and stated the following:

> "I am well aware that the Court is not in a position to legally consider things that occur or happen to inmates while incarcerated but I feel that it is important for the Court to know when the criminal justice system is successful. I say this somewhat tongue in cheek because the end result is to request that Your Honor would consider the Motion to Revoke and Revise. I feel very strongly about this and feel that perhaps [the prosecutor] may even acquiesce in light of the fine individual that the defendant has shown himself to be."

Defense counsel then specified the defendant's accomplishments while incarcerated. In addition to recounting the defendant's favorable prison reports, defense counsel stated that, while incarcerated, the defendant had received a Bachelor of Science degree, summa cum laude, and a Master of Liberal Arts degree from Boston University, and that he was scheduled to commence coursework at Boston University's School of Theology. The Commonwealth did not object. Indeed, at the hearing on the motion, the assistant district attorney stated, "Your Honor, the Commonwealth's position after reviewing the material that [defense counsel] submitted is that his request is not an unreasonable one. I would mention to the Court that I did speak with the mother of the victim on the telephone yesterday. Also, she faxed a letter which I have given to the Court which indicates her very strong feelings in opposition to any reduction. I think the letter conveys it better than I could now what her feelings are. It is the Commonwealth's position that given the defendant's accomplishments while he has been in jail, this is not an unreasonable request." On March 1, 1995, after hearing the revise and revoke motion, the judge ordered the defendant's

sentence reduced to from twelve to fifteen years. The sentence revision, in combination with other credits the defendant earned while incarcerated, entitled him to be discharged on May 5, 1995.

On May 2, 1995, two months after the rule 29 revise and revoke motion was allowed, and more than seven years after sentence was imposed, the Commonwealth filed a motion for reconsideration of the decision to revise the defendant's sentence, suggesting that the judge may have relied on improper considerations in reducing the sentence. The judge denied the Commonwealth's motion. The Commonwealth then moved for leave to file late an appeal from the order on the defendant's rule 29 revise or revoke motion, and for a stay of the order. A single justice of the Appeals Court allowed the Commonwealth's motion notwithstanding her conclusion that the Commonwealth's failure timely to file a notice of appeal had been inexcusable. Relying on *Tisei* v. *Building Inspector of Marlborough,* 3 Mass. App. Ct. 377, 379 (1975), she reasoned that the appeal concerned a question of law deserving judicial review and that denial of the motion would leave the Commonwealth without recourse on a matter of public importance.

"In the case of motions for leave to file an appeal late . . . a showing of a meritorious case is required. . . . Mass. R.A.P. 14 (b) was [not] intended to dispense with the judicially 'established practice not to grant applications for . . . [ . . . late claims of appeal] . . . unless it appears that the petitioning party has a case meritorious or substantial in the sense of presenting a question of law deserving judicial investigation and discussion.' " *Tisei* v. *Building Inspector of Marlborough,* 3 Mass. App. Ct. 377, 379 (1975), quoting *St. Nicholas Russian Benefit Soc'y, Inc.* v. *Yaselko,* 279 Mass. 81, 85 (1932). "A meritorious appeal is 'one that is worthy of presentation to a court, not one which is sure of success.' " *Jones* v. *Manns,* 33 Mass. App. Ct. 485, 493 n.9 (1992), quoting *General Motors Corp., petitioner,* 344 Mass. 481, 482 (1962).

We have said that the public has a right to expect this court to correct any error or abuse of judicial discretion in sentencing revisions. See *Commonwealth* v. *Cowan,* 422 Mass. 546, 547 (1996); *Commonwealth* v. *Amirault,* 415 Mass. 112, 115 n.4 (1993). Moreover, it is well within this court's general

superintendence power to correct a sentence that has been imposed contrary to law. *Commonwealth* v. *Cowan, supra* at 547, citing *Commonwealth* v. *Gaulden,* 383 Mass. 543, 545, 550 (1981); *Commonwealth* v. *McCarthy,* 375 Mass. 409, 415 n.6 (1978). Therefore, we shall address the Commonwealth's arguments despite the Commonwealth's failure to present them in the Superior Court.

Beginning with *Commonwealth* v. *Sitko,* 372 Mass. 305, 312-314 (1976), we have repeatedly and unequivocally held that a judge may not take into account conduct of the defendant that occurs subsequent to the original sentencing. The purpose of rule 29 is to "permit a judge to reconsider the sentence he has imposed and determine, in light of the facts as they existed at the time of sentencing, whether the sentence was just." *Commonwealth* v. *Layne,* 386 Mass. 291, 295 (1982). The record strongly suggests that in this case, at the invitation of both parties, the motion judge did take into account the defendant's postconviction conduct. That has not been established with certainty, however.

In any event, more than six years had elapsed between the sentencing of the defendant and the defendant's request for a hearing on the rule 29 revise and revoke motion. Seven years had elapsed between sentencing and the requested hearing. In *Commonwealth* v. *Layne, supra* at 295-296, we construed rule 29 as precluding a judge from considering a motion to revise or revoke that has been timely filed on the disposition of an appeal that had remained dormant for more than nine years. We concluded that rule 29 should not be read as allowing such a motion after a reasonable time for the prosecution of an appeal from a conviction has passed. We reasoned that because the purpose of the rule is to enable the judge to reconsider a sentence based on the facts existing at the time he imposed the sentence, a lengthy delay between sentencing and reconsideration impedes the judge's ability to "make the determination called for by the rule without improperly considering postsentencing events." *Id.* This reasoning also applies to the situation presented here. Accordingly, we hold that Mass. R. Crim. P. 29 required the judge to consider the motion to revise or revoke within a reasonable time after the motion was filed and that, in the present case, six years is an unreasonable time.

Factors beyond the defendant's control are relevant

considerations in determining the reasonableness of a delay between the filing of a motion and a judge's consideration of that motion. See *id*. at 296. Although the defendant waited more than six years before requesting a hearing on his motion, the record does not indicate any reasons for this delay. Where there is an extended delay between the time the motion is filed and the time it is heard, there is an increased likelihood that the motion judge will be influenced by a defendant's postsentencing conduct. An extended delay also increases the likelihood that the presiding judge may no longer be serving in the same capacity, as was the case here, where the presiding judge is now serving in the Appeals Court.

As in *Layne, supra* at 296, our objective is not to define a particular time frame in which a motion to revise or revoke must be considered once it is filed. We simply hold that the period of time at issue here was unreasonable. Accordingly, we hold that the judge erred in allowing the revise and revoke motion.

We vacate the judge's order and remand this matter to the Superior Court where the original sentence is to be reinstated.

*So ordered.*