Bohn, J.
On June 18, 1999, defendant Matthew Santoni pled guilty before the undersigned justice to an indictment which, when amended, charged him with the crime of voluntary manslaughter. He was sentenced to a term of imprisonment of not less than six years nor more than nine years at the Massachusetts Correctional Institute at Cedar Junction, with a recommendation from the Court that he be allowed to serve that sentence in a county facility.
On May 15, 2003, the defendant filed a motion to revise and revoke his sentence. In his motion, the defendant quite correctly directs the attention of this Court to a suggestion made by the undersigned justice that, after five years from the imposition of the sentence, the Court would consider a revision of the terms to a period of five years. That revised term would coincide with the date on which the defendant would become twenty-one years of age.
In further support of his motion to revoke and revise, the defendant attached an extensive affidavit which chronicled the many accomplishments he has achieved from the time of his sentence to the date on which the motion was filed. It is clear that the defendant has participated fully in the various educational, training and life-skill programs available to him in the several state and county placements in which he has served his sentence. Most significant of the defendant’s accomplishments appear to be his willingness to speak to young people in the Northampton community about his experiences, his service as a tutor to fellow prisoners, and the development of his interest in art, literature, drama and writing. The defendant has done in prison what he was asked to do; and, he is a fit candidate for a sentence reduction. Since June 18, 1999 when the undersigned justice suggested he would consider a revision in the defendant’s sentences however, the appellate courts have again emphasized that, in considering whether to allow a motion to revise or revoke “we [the Supreme Judicial Court] have repeatedly and unequivocally held that a judge may not take into account conduct of the defendant that occurs subsequent to the original sentencing.” Commonwealth v. DeJesus, 440 Mass. 147, 152 (2003) (emphasis added), citing Commonwealth v. Barclay, 424 Mass. 377, 380 (1997); Commonwealth v. Sitko, 372 Mass. 305, 312-14 (1977).
In the present case, all those factors which argue in favor of a revision of the defendant’s sentence depend on events that occurred after the defendant was sentenced in June 1999. Because the motion relies on facts and circumstances that occurred after the time of sentencing, the motion must be denied. This is especially true given the fact that, as representatives of the community, the office of the District Attorney for the Northwestern District has opposed defendant’s motion in a filing dated January 9, 2004.
This Court is constrained to deny the defendant’s motion to review and revoke his sentence. This action is taken without a hearing as provided for by rule 29(b) of the Massachusetts Rules of Criminal Procedure. The defendant must pursue his release through the parole process set forth in G.L.c. 127, §133.
ORDER
For the reasons set forth above, the motion of the defendant to revoke and revise his sentence is denied.