This appeal stems from divorce proceedings in the Probate and Family Court. Mostafa Masomi (husband) appeals from (1) the order denying his second motion to file a late notice of appeal from the judgment of divorce (second extension motion); and (2) the order denying his motion for relief from judgment pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). We affirm.
Background. On October 22, 2014, the parties agreed to participate in a conciliation program for the purpose of settling the contested issues in their divorce action. On January 8, 2015, the parties executed a "Stipulation/Agreement" (agreement) in which they agreed, inter alia, to a specific division of marital assets, and that each party would be responsible for his or her own debts.[2] The parties further agreed that the agreement "shall be submitted to court and entered as a judgment unless the parties prepare and execute a more detailed formal agreement."
On February 27, 2015, the parties and their respective counsel appeared for a hearing before a judge of the Probate and Family Court, at which time the agreement was submitted to the judge for review. Despite the plain language of the agreement, father's counsel asserted that the agreement was simply a draft. Ultimately, the father testified that he had signed the agreement with the advice of counsel and understood that it would be incorporated into the judgment. The judge then found the agreement to be fair and reasonable and approved it.
A little more than ten months later, a single justice of this court granted the husband an extension of time to file a notice of appeal from the divorce judgment. Although the defendant filed a notice of appeal, he voluntarily withdrew it less than one month later, apparently to seek relief under rule 60(b) instead.
On February 23, 2016, the husband filed a motion for relief from judgment pursuant to rule 60(b), which the divorce judge denied on March 3, 2016. At this point, the husband filed his second extension motion, this time in the Probate and Family Court. The judge denied this motion as well. The husband filed notices of appeal from the order denying his rule 60(b) motion and from the order denying his second extension motion, and the cases were later consolidated.
Discussion. We review the judge's denial of a motion for relief from judgment pursuant to rule 60(b) for an abuse of discretion. Rezendes v. Rezendes, 46 Mass. App. Ct. 438, 441 (1999). In his rule 60(b) motion, the husband merely repeated his claim that the agreement was a draft and left the issue of the parties' "marital debt ... unresolved." The agreement, however, specifically states that it shall be submitted and entered as a judgment and provides that each party would be responsible for his or her own debts. There is no indication in the record that the parties had any jointly held debt at the time of the divorce proceedings.[3] Although we understand the husband's claim that the wife should be required to contribute to the payment of debts in his name or the names of their children, the husband agreed otherwise when he signed the agreement. We discern no abuse of discretion in the denial of the husband's rule 60(b) motion.
We similarly review the judge's order denying the second extension motion for an abuse of discretion. See Lawrence Sav. Bank v. Garabedian, 49 Mass. App. Ct. 157, 161 (2000). We do not reach the question whether such a motion may be filed in these circumstances, as we discern no abuse of discretion in its denial. The only reason asserted by the husband to the judge for his withdrawal of his first notice of appeal was that he "did not know my appeal could proceed while my motion for relief from judgment ... was under consideration." Even pro se, the husband's misunderstanding of the procedural rules does not constitute "good cause" for extending the time to appeal. Ibid., quoting from Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 418 n.8 (1989) (Under either Mass.R.A.P. 4 [c], as amended, 378 Mass. 928 [1979], or Mass.R.A.P. 14 [b], as amended, 378 Mass. 939 [1979], an extension requires a showing of "circumstances that are unique or extraordinary"). See Kellermann v. Kellerman, 390 Mass. 1007, 1008 (1984) (A party's pro se status "does not excuse [his] failure to file the claim of appeal within the applicable time period").
There is also no indication in the record that the husband's challenge of the divorce judgment is meritorious. See Commonwealth v. Barclay, 424 Mass. 377, 379 (1997), quoting from Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975) ("In the case of motions for leave to file an appeal late ... a showing of a meritorious case is required"). The husband here presented to the judge no reason to challenge the divorce judgment other than those in his rule 60(b) motion. As explained supra, these arguments provided no reason to disturb the agreement struck by the parties. Accordingly, we discern no basis for reversing the order denying the husband's second extension motion.[4]
Order denying motion for relief from judgment affirmed.
Order dated April 12, 2016, denying late notice of appeal affirmed.

A significant portion of the dispute between the parties involves student loans taken out by their children (some guaranteed by the father) to pay for attendance at college, and disputes over payment of tuition for the children. The father favors a considerably larger amount of resources being placed toward higher education for the children than does the mother.

The wife did not report any liabilities on her financial statements filed during the divorce proceedings. The husband reported several liabilities totaling approximately $130,361, more than eighty percent of which were student loans for the children.

The equities do not favor the wife's request for appellate attorney's fees and double costs, and it therefore is denied.