NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-739

JOANNE MISTLER

vs.

LOCKHEED MARTIN CORPORATION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2018, the plaintiff, Joanne Mistler, filed suit against the defendant, Lockheed Martin Corporation (Lockheed Martin). Mistler claimed that Lockheed Martin, a defense contractor and her former employer, defamed her when it filed reports with the Federal government claiming that she had mischarged her work time and expenses. A judge denied Lockheed Martin's motion to dismiss the case or, in the alternative, for summary judgment; a different judge, however, allowed the renewed motion, and summary judgment entered for Lockheed Martin on all of Mistler's claims. Appealing from the grant of summary judgment, Mistler failed to docket the appeal within fourteen days after receiving the notice of assembly of record as required by Mass. R. A. P.

10 (a) (1), as appearing in 481 Mass. 1618 (2019). Ten days after the deadline passed, she moved to docket her appeal late pursuant to Mass. R. A. P. 14 (b) (rule 14 [b]), as appearing in 481 Mass. 1626 (2019), and the single justice granted her motion. After Lockheed Martin filed an opposition to the motion, the single justice issued another order reaffirming her earlier decision. Lockheed Martin appeals from the single justice orders, primarily arguing that Mistler's failure to timely docket her appeal was inexcusable neglect. We affirm.

"[W]e review the action of the single justice for errors of law and, if none appear, for abuse of discretion." Troy Indus. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). To prevail on a motion to docket an appeal late pursuant to rule 14 (b), a litigant must show "good cause," rule 14 (b), and that the issue on appeal is "meritorious or substantial in the sense of presenting a question of law deserving judicial investigation and discussion." Commonwealth v. Barclay, 424 Mass. 377, 379

(1997), quoting <u>Tisei</u> v. <u>Building Inspector of Marlborough</u>, 3 Mass. App. Ct. 377, 379 (1975). "Good cause" equates to "excusable neglect." See <u>Troy Indus.</u>, <u>supra</u>.

The single justice did not abuse her discretion in granting and reaffirming Mistler's motion, which was filed only ten days after the docketing deadline. Mistler's counsel explained in her affidavit that there had been a misunderstanding about the process for docketing the appeal and that counsel, upon realization of the error, promptly filed the motion. That explanation was sufficient to establish excusable neglect, particularly where Lockheed Martin was not prejudiced by the ten-day delay. Nor do we agree with Lockheed Martin's claim that Mistler failed to show a meritorious issue for appeal because the judge's summary judgment decision was based on a privilege specific to Federal government contractors that, it contends, has been "consistently applied for over [fifty-seven] years." Lockheed Martin does not cite any support of this contention in its memorandum, and the authority relied on by the judge in his summary judgment decision involves the application of the privilege by courts outside Massachusetts in cases with different facts from those presented here. See, e.g., <u>Becker</u> v. <u>Philco Corp</u>., 372 F.2d 771, 776 (4th Cir. 1967) (defense contractor immune from defamation claims where contractor

3

reported suspected confidentiality breaches of ex-employees pursuant to contract with Federal government).  "A meritorious appeal is one that is worthy of presentation to a court, not one which is sure of success" (quotation and citation omitted). <u>Barclay</u>, 424 Mass. at 379.  The immunity of a defense contractor from its employees' claims for defamation arising from required government reporting appears to be an issue of first impression in Massachusetts, and we discern no error or abuse of discretion in the single justice's decision allowing this appeal to proceed.

<u>Orders of single justice allowing plaintiff's motion to docket appeal late affirmed</u>.

By the Court (Henry, Smyth & Toone, JJ.[1]),

Clerk

Entered:  March 17, 2025.

---

[1] The panelists are listed in order of seniority.