ST. NICHOLAS RUSSIAN BENEFIT SOCIETY, INCORPORATED,
*vs.* THOMAS YASELKO & others.

SAME *vs.* THOMAS YASELKO & others.

Essex.   March 2, 1932. — April 8, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

ST. NICHOLAS RUSSIAN BENEFIT SOCIETY, INCORPORATED,
petitioner.

Essex.   April 4, 1932. — April 8, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & DONAHUE, JJ.

*Practice, Civil,* Appeal; Exceptions: dismissal for want of prosecution, petition for leave to enter late. *Mandamus. Equity Jurisdiction,* In aid of mandamus proceedings.

An appeal is not the proper method by which to bring before the full court the propriety of an order by a·single justice dismissing, by reason of delay in prosecution, a bill of exceptions saved in mandamus proceedings.

Where a petition for a writ of mandamus was dismissed, it also was proper to enter a final decree dismissing the bill in a suit in equity against the respondent in the Supreme Judicial Court, wherein the petitioner sought special equitable relief in aid of the petition.

Although an estimate of the cost of printing a bill of exceptions in mandamus proceedings was requested by the excepting party three days previous to the allowance of the bill and was furnished to him one day previous thereto, the furnishing of the estimate was not a nullity, and that party, who gave a formal order for the printing within ten days after the allowance of the bill, was not entitled under G. L. c. 231, § 135, in the amended form appearing in St. 1931, c. 219, to receive another estimate after such allowance; and the circumstance that he did not receive another estimate did not show that there was "mistake or accident" upon which he could ground a subsequent petition to the full court to enter the exceptions late under G. L. c. 211, § 11.

The petition under G. L. c. 211, § 11, above described was denied for the further reason that there appeared to be no merit in the exceptions.

PETITION, filed by a corporation in the Supreme Judicial Court for the county of Essex on March 13, 1930, and afterwards amended, for a writ of mandamus to compel

the respondents, former officers of the petitioner, to turn over to it certain of its property.   Also, a

BILL IN EQUITY, filed in the same court on March 13, 1930, and afterwards amended, whereby, in aid of the petition for a writ of mandamus, the plaintiff sought to have the defendants restrained from disposing of portions of such property.

The petition was referred to an auditor and subsequently was heard by *Field*, J., who ordered it dismissed.   Proceedings with reference to exceptions by the petitioner are described in the opinion.   A motion to dismiss the exceptions was allowed by *Wait*, J, on November 12, 1931.   On the same day a final decree dismissing the bill was entered in the suit in equity by his order.   The petitioner appealed from the order dismissing its exceptions and from the final decree in the suit in equity; and also filed in the full court a petition under G. L. c. 211, § 11, for leave to enter late the bill of exceptions.

*E. Z. Dymsza*, for the petitioner, submitted a brief.

*W. H. McSweeney*, (*J. A. Murphy* with him,) for the respondents.

RUGG, C.J.   There are here three proceedings.   The first is a petition for a writ of mandamus.   Ancillary to that petition is a suit in equity.   The third is a petition for leave to enter exceptions late in the mandamus case.   The mandamus case was referred to an auditor who filed a report dealing at length with all the issues involved.   The case then came on to be heard before a single justice who found the facts set forth in the auditor's report to be true with certain modifications, dealt with numerous requests for rulings presented by both parties, and ordered the petition dismissed but not as matter of discretion.   The petitioner filed a bill of exceptions which was allowed on June 11, 1931.   Late in September, 1931, the respondents filed a motion to dismiss the bill of exceptions for failure to prosecute as required by law.   That motion was heard by another justice who found the material facts in substance as follows: Shortly before June 8, 1931, counsel for the petitioner indicated at the office of the clerk of courts the papers in his

opinion necessary to be printed. On June 8, 1931, he wrote to the assistant clerk of courts in charge of the matter enclosing a substitute bill of exceptions and asking for an estimate of the cost of printing. On June 10, 1931, such estimate was sent to counsel for the petitioner together with the information that within ten days from the allowance of the bill of exceptions an order for printing should be forwarded. On June 12, 1931, notice was sent to counsel that the exceptions were allowed and that the order for printing must be entered within ten days. On June 19, 1931, counsel sent to the assistant clerk a formal order for the printing, and in another letter mentioned that he was interested in keeping the expense of printing to a minimum and would be in the clerk's office on Monday or Tuesday of the following week to go over the papers and requested delay until then before formal notification of an estimate. Counsel never after that consulted with the assistant clerk of courts or any one representing him. The finding to this effect by the single justice is accepted as true on this point notwithstanding a contrary affidavit. No written estimate was sent by the assistant clerk after June 19, 1931, because of the fact that the estimate had already on June 10, 1931, been submitted to counsel in response to his written request therefor. No communication was had or sought with the assistant clerk of courts until after the motion to dismiss the exceptions had been filed, when a further request for a written estimate was made. The single justice granted the motion to dismiss the bill of exceptions for want of prosecution. The petitioner appealed from this order.

It is plain that no appeal lies from such an order. The proper method of seeking revision by the full court of a decision or ruling by a single justice in an action at law is by a bill of exceptions. *Channell* v. *Judge of the District Court,* 213 Mass. 78. *Cote* v. *Judge of the District Court,* 225 Mass. 123.

The petitioner also filed a suit in equity seeking special equitable relief in aid of the petition for a writ of mandamus. That suit in equity was dismissed with costs by final decree. Since the petition for writ of mandamus is

dismissed, it follows that the final decree must be affirmed in the suit in equity.

The petitioner has filed a petition for leave to enter its exceptions late under G. L. c. 211, § 11.  By that section provision is made whereby this court may, within one year after a bill of exceptions should have been entered, allow the excepting party to enter his bill of exceptions if he has failed to do so seasonably "by mistake or accident."  The ground upon which the petitioner seeks relief in this respect, in brief, is as follows: It contends that, because the assistant clerk of courts did not send to counsel for the petitioner an estimate of the expense of the printing and preparation of papers necessary to present the case to the full court, the obligation to make the requisite deposit to cover that expense never came into being, and that thus through accident or mistake the entry of exceptions was not made.

The relevant statute is G. L. c. 231, § 135, as most recently amended in its second paragraph by St. 1931, c. 219. Its governing words are that, in order to present to the full court exceptions in a case like the present, the petitioner, being the party having the obligation to cause the necessary papers to be prepared, "shall give to the clerk . . . within ten days after the case becomes ripe for final preparation and printing of the record for the full court, an order in writing for the preparation of such papers and copies of papers . . . ,. As soon as may be after receiving such written order, the clerk or other official shall make an estimate of the expense of the preparation and transmission of the necessary papers and copies of papers aforesaid and shall give such party notice in writing of the amount of such estimate.  Such party, within twenty days after the date of such notice from the clerk . . . shall pay to him the amount of such estimate."

As we understand it, the petitioner contends that although the estimate in writing was sent to its counsel on June 10, 1931, in response to his request for the same, after he had sent to the clerk a substitute bill of exceptions, yet because the substitute bill of exceptions was not actually allowed until the following day the estimate sent on the day before

went for naught under the statute, and that the petitioner was entitled within ten days after June 11, 1931, to ask for and receive another estimate.

There is nothing to this contention. The petitioner and its counsel were given all information that was required and in the form specified in the statute. The petitioner cannot compel the clerk of courts to go through such duplication of work. There was no accident or mistake. *Wiakowicz* v. *Hwalek*, 273 Mass. 122, 124, and cases cited. On the contrary, the most that can be said is that there has been a failure to succeed in highly technical procedure. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43, 45.

It is the established practice not to grant applications for late entry under the statute here invoked unless it appears that the petitioning party has a case meritorious or substantial in the sense of presenting a question of law deserving judicial investigation and discussion. *Lovell* v. *Lovell*, 276 Mass. 10, and cases there collected. There is no merit in the petitioner's bill of exceptions. The case is quite distinguishable from *Dondis* v. *Lash*, 277 Mass. 477.

> *Appeal dismissed.*
> *Decree affirmed.*
> *Petition denied.*