COMMONWEALTH *vs.* ROBERT L. VETRANO. May 10, 1971. Vetrano was convicted in a trial before a Superior Court judge under G. L. c. 278, §§ 33A–33G, on charges of possessing marihuana and amphetamines. Prior to trial the judge denied a motion to suppress drug capsules and plant fragments found in a bag in Vetrano's possession and taken from his person when he entered the apartment of Mrs. Starlene Walsh during a police search of the apartment pursuant to a warrant. The warrant and supporting affidavit, although discussed with the trial judge, are not before us as exhibits and do not appear in the transcript. They were shown to the judge "by way of background." The burden, of course, was on Vetrano to prove, if he could, that the search was not made pursuant to a valid warrant based on adequate information to the issuing magistrate contained in the supporting affidavit. See *Commonwealth* v. *Fancy,* 349 Mass. 196, 202–203; *Commonwealth* v. *Owens,* 350 Mass. 633, 635–636. No such burden was sustained.

*Judgments affirmed.*

*Alexander Whiteside, II (Andrew T. Campoli* with him) for the defendant.
*William W. Simons,* Assistant District Attorney, for the Commonwealth.

BOARD OF ASSESSORS OF DARTMOUTH *vs.* B. A. SIMEONE, INC. May 13, 1971. This is an appeal by the assessors of Dartmouth under G. L. c. 58A, § 13, from a decision of the Appellate Tax Board granting an abatement of real estate taxes for the year 1968 assessed on a "Barber-Greene semiportable asphalt plant." The board found that the "plant" is machinery used in manufacturing bituminous concrete, is portable, can be moved from place to place by removing a few nuts, and is not affixed to or erected on land within the meaning of G. L. c. 59, § 3. There was no error. "The law is well settled that land and buildings erected thereon or affixed thereto are properly taxed as a unit and this rule is not affected by private agreements or by the degree of physical attachment to the land." *Ellis* v. *Assessors of Acushnet,* 358 Mass. 473, 475. But that rule does not apply to machinery used in manufacture, which, if it is not real estate, may be exempt from taxation as personal property under G. L. c. 59, § 5, Sixteenth (3). See G. L. c. 59, §§ 45, 46; G. L. c. 63, §§ 38C, 42B; *Hamilton Mfg. Co.* v. *Lowell,* 185 Mass. 114, 117; *Chelsea* v. *Richard T. Green Co.* 319 Mass. 162, 166. The board did not pass on the taxation of the machinery as personal property. Nor do we.

*Decision affirmed.*

*Leonard E. Perry,* Town Counsel, *& James M. Cronin,* for the Board of Assessors of Dartmouth, submitted a brief.
*Howard W. Young* for the taxpayer.