BOARD OF ASSESSORS OF SWAMPSCOTT *vs*. LYNN SAND
& STONE COMPANY.

Suffolk.   October 8, 1971. — December 10, 1971.

Present: TAURO, C.J., CUTTER, REARDON, & HENNESSEY, JJ.

*Taxation*, Appellate Tax Board: appeal to Supreme Judicial Court;
Personal property tax: exemption, machinery; Manufacturing cor-
poration. *Real property*, What constitutes.

Where assessors, after a decision of the Appellate Tax Board, failed to
serve upon the taxpayer by registered mail or in any other manner
a copy of a claim of appeal to the Supreme Judicial Court, or to file
an affidavit of service of notice that they had entered the appeal, or
to give the clerk of the County Court an order in writing to print
the record, a single justice was within his discretion in granting a
petition by the assessors for leave to perfect their entry or to enter
the appeal late in accordance with G. L. c. 211, § 11, as amended
through St. 1960 c. 207, § 1, and in denying a motion to dismiss
their appeal on the ground of their failure to comply with G. L. c.
58A, § 13, when a substantial, meritorious issue, of public
significance, was raised by the assessors' appeal and granting of
their petition would tend to accomplish justice and prevent the loss
of an appeal because of a mistake of counsel made in good faith.
|596-597|
Even if machinery of a domestic manufacturing corporation by reason
of its bulk or peculiar methods of affixation to buildings themselves
constituting real estate could be regarded as having become a part
of real estate for some purposes, it was machinery, not real estate,
for the purposes of the tax exemption provision of G. L. c. 59, § 5,
Sixteenth (3), as appearing in St. 1957, c. 541. |597-599|

APPEAL from a decision by the Appellate Tax Board; ex-
ceptions to orders by *Quirico*, J., in the Supreme Judicial
Court for the county of Suffolk.

*Charles M. Ewing* for the Board of Assessors of Swamp-
scott.

*Evan Y. Semerjian* (*A. Frederick Richard* with him)
for Lynn Sand & Stone Company.

CUTTER, J.   This is an appeal by the assessors under
G. L. c. 58A, § 13 (as amended through St. 1969, c. 692),
from a decision of the Appellate Tax Board (the board)

abating a 1966 real estate tax on Lynn Sand & Stone Company (Company). The board, at the assessors' request, made findings and a report on July 17, 1970. On August 18, 1970, the assessors filed in the county court a copy of the record before the board. The assessors, however, "failed to serve by registered mail or in any other manner upon . . . [Company] a copy of the claim of appeal," to file an affidavit of service of notice that they had entered the appeal, or to give the clerk of the county court an order in writing to print the record.

In the county court Company filed a motion to dismiss the assessors' appeal on the ground of their failure to comply with c. 58A, § 13. The assessors filed a petition for leave to perfect their entry or to enter the appeal late. G. L. c. 211, § 11 (as amended through St. 1960, c. 207, § 1). See S. J. C. Rule 2:56 (351 Mass. 771–772). Company filed a statement in opposition to this petition. A single justice of this court, subject to Company's exceptions, denied the motion to dismiss the appeal and granted the assessors' petition for leave to perfect their entry or enter late. With respect to these orders of the single justice, Company presents a bill of exceptions.

1. It was within the discretion of the single justice under G. L. c. 211, § 11, as amended, to grant the assessors leave to perfect their appeal in the county court or to enter it late in the full court. Since the 1960 amendment (St. 1960, c. 207, § 1) in the statutes relating to failures to accomplish accurately the steps leading to appellate review, we have construed these remedial provisions liberally "in circumstances where such action will tend to accomplish justice and prevent the loss of an appeal because of a mistake of counsel made in good faith." *Trager, petitioner,* 345 Mass. 650, 651–652. Nothing in the bill of exceptions indicates any injury, delay, or prejudice to Company by reason of the honest procedural mistake of the assessors' counsel. See *Fall River, petitioner,* 346 Mass. 333, 335–336. In this respect, the case is governed by *Staman* v. *Assessors of*

*Chatham,* 350 Mass. 100, 101; *S. C.* 351 Mass. 479. A substantial, meritorious issue, of public significance, was raised by the assessors' appeal. Thus the single justice acted wisely in deciding as he did and certainly did not abuse his discretion.

2. The appeal from the board on the merits[1] deals with so much of the 1966 real estate tax upon Company, a domestic manufacturing corporation (G. L. c. 63, § 38C, as amended through St. 1964, c. 723, § 3; see later amendment by St. 1970, c. 634, § 4), as was based upon the value of property described in exhibits attached to the original petition. Company alleged that this property constitutes machinery exempt from local taxation. The board found the facts to be as set forth in a statement of agreed facts which included photographs of the disputed items. These facts, we summarize.

Company makes and sells ready mixed concrete, crushed stone, and asphalt filler. All the items in dispute are used by Company in its "manufacturing businesses." The items in dispute are listed in general terms in the margin.[2]

The board in its opinion determined (fn. 2) which items were real estate and which were personalty. We, like the board, do not deal in detail with the refinements of this classification, for we think that all machinery of a domestic

---

[1] Company had filed a petition under the so called formal procedure (G. L. c. 58A, § 7, as amended through St. 1953, c. 654, § 25) from the refusal of the assessors to abate a portion of its 1966 real estate tax.

[2] "Concrete foundations . . . and support structures for, and buildings which house, the items in dispute . . . are not involved in this appeal." The disputed items include a large asphalt filler mill (which filters stones as to size and conveys them to trucks); a drier and feeder; bucket elevators, vibrators and vibrating screens; a ball mill; drying apparatus and dust collectors; sand bin compressor; varied items of apparatus for conveying, crushing, and screening rocks and other items; dumping and lifting cranes; boilers, pumps, sand bins and elevators; scales, and mixers; derrick; and tracks and switches. The assessors concede that all the above mentioned assessed items are "machinery" except (1) a fifty ton silo, (2) a bagging machine, (3) a 300 ton sand bin, (4) a steel structure for a dump bucket, (5) a metal derrick sixty-eight feet high, and (6) tracks and switches. Of these six items, the board found items (4) and (5), and all other items mentioned in the agreed statement, to be both machinery and personal property. Items (1), (2), (3), and (6) were found to constitute real estate.

manufacturing corporation, at least so far as reasonably related to and used in manufacturing operations, must be treated as exempt from local taxation by virtue of G. L. c. 59, § 5, Sixteenth (3),[3] as amended by St. 1936, c. 362, § 1, and later by St. 1957, c. 541. See 1936 House Doc. No. 143 (report of the special commission established by Res. 1935, c. 63); *Assessors of Holyoke* v. *State Tax Commn.* 351 Mass. 394, 395, fns. 2, 3; *Assessors of Holyoke* v. *State Tax Commn.* 355 Mass. 223, 225–226, fns. 2, 3 (see also pp. 242–243, fn. 17); Nichols, Taxation in Massachusetts (3d ed.) 249–251, where the author states that "[m]anufacturing corporations . . . are entitled to exemption of *all* machinery" (emphasis supplied), 612–613 (see also Pike and Cohen, Annotations [1962] 18–21); Barrett and Bailey, Taxation (2d ed.) § 822. See also *Wakefield Ready-Mixed Concrete Co. Inc.* v. *State Tax Commn.* 356 Mass. 8, 11–12.

There is no indication in the legislative or decisional history of c. 59, § 5, Sixteenth, of any intention to draw refined distinctions between (a) easily removable machinery and (b) more ponderous, bulky machinery items, which may have become real estate as a matter of property law, but which in a practical sense retain their characteristics as machinery. The machinery exemption adopted in 1936 (c. 362) exempted machinery of domestic manufacturing corporations and in very broad and general terms. The exemption has not been construed technically or narrowly. See *Commissioner of Corps. & Taxn.* v. *Assessors of Boston*, 321 Mass. 90, 92–97. Compare, as to machinery not used in manufacture, *Chelsea* v. *Richard T. Green Co.* 319 Mass.

---

[3] General Laws c. 59, § 3, defines real estate for the purpose of taxation, as including "all land . . . and all buildings and other things erected thereon or affixed thereto." Section 5, Sixteenth (3), exempts in the case of a domestic manufacturing corporation as defined in G. L. c. 63, § 38C, "all property owned by such corporation other than the following: — real estate, poles and underground conduits, wires and pipes." The real question presented to us is whether (under § 5, Sixteenth [3]) certain very bulky machinery, affixed to land or buildings, must be regarded as a unit with the land and taxed as real estate or whether such bulky items retain for tax purposes their attributes as machinery.

162, 166 (marine railway), and *Richard T. Green Co.* v. *Chelsea,* 149 F. 2d 927, 930–931 (1st Cir.).[4]

The precise matter now before us was left undecided in *Assessors of Dartmouth* v. *B. A. Simeone, Inc.* 359 Mass. 756. We now hold that, even if machinery by reason of its bulk (or its peculiar methods of affixation to buildings themselves constituting real estate) could be regarded as having become a part of real estate for some purposes, its predominant aspect for the purposes of § 5, Sixteenth (3), remains that of machinery rather than of real estate. Any other conclusion would be directly contrary to the history and purpose of St. 1936, c. 362, § 1. Cf. *Ellis* v. *Assessors of Acushnet,* 358 Mass. 473, 475–478. Cf. also *Courier Citizen Co.* v. *Commissioner of Corps. & Taxn.* 358 Mass. 563, 572–573. If the broad purpose of the 1936 statute (to exempt machinery of domestic manufacturing corporations) is to be limited, that is a matter for legislative action. See *State Tax Commn.* v. *John Hancock Mut. Life Ins. Co.* 341 Mass. 555, 566.

3. Company's exceptions are overruled. The decision of the Appellate Tax Board is affirmed and the portion of the tax abated by that decision is to be refunded to Company with interest and costs, including costs of appeal.

*So ordered.*

---

[4] Compare also cases dealing with movable items on concrete foundations affixed to real estate, such as *Assessors of Wilmington* v. *Avco Corp.* 357 Mass. 704, 705–706 and *Ellis* v. *Assessors of Acushnet,* 358 Mass. 473, 474–475. These cases do not deal with the machinery of a manufacturing corporation and do not discuss the problem now before us.