*Herbert Murphy* (*Timothy Shea* with him) for the petitioners.

ALMARINE McCOY, administratrix, petitioner. November 19, 1974. This purports to be an appeal from an order of a single justice dismissing for lack of a meritorious case (see *St. Nicholas Russian Benefit Soc. Inc.* v. *Yaselko*, 279 Mass. 81, 85 [1932]; *Board of Health of Franklin* v. *Hass*, 342 Mass. 421 422-423 [1961]; contrast *General Motors Corp., petitioner*, 344 Mass. 481, 482-484 [1962]; *Fall River, petitioner*, 346 Mass. 333, 334-336 [1963]) a petition filed in this court under G. L. c. 211, § 11 (as appearing in St. 1960, c. 207, § 1), for the late entry of a substitute bill of exceptions allowed by the Superior Court. The bill was lost because of the unreasonable refusal of the petitioner's counsel, without first seeking relief from the court, to pay either of the alternative estimates given by the clerk pursuant to G. L. c. 231, § 135 (as amended through St. 1971, c. 843, § 16). Compare *Royal Tool & Gauge Corp.* v. *Clerk of the Courts for the County of Hampden*, 326 Mass. 390, 391-392 (1950). The petitioner's brief ignores the six counts of the declaration which were addressed to the individual employees of the respondent city. It all but concedes that we cannot find a meritorious case against the city unless we should depart from our intended function (see *Burke* v. *Toothaker*, 1 Mass. App. Ct. 234, 240 [1973]) by seizing the opportunity to alter or abolish the doctrine of governmental immunity. We shall leave the fate of that doctrine to the Legislature or to the Supreme Judicial Court. *Morash & Sons, Inc.* v. *Commonwealth*, 363 Mass. 612, 619-624 (1973). As the underlying action was one at law, review of the order of the single justice pursuant to the second paragraph of Rule 2:01 of the Appeals Court, 1 Mass. App. Ct. 896 (1972), should have been by a bill of exceptions rather than by appeal. See *St. Nicholas Russian Benefit Soc. Inc.* v. *Yaselko*, 279 Mass. 81, 83 (1932); *Arruda, petitioner*, 347 Mass. 772 (1964). Compare *Assessors of Swampscott* v. *Lynn Sand & Stone Co.* 360 Mass. 595, 596 (1971). Accordingly, the entry will be

*Appeal dismissed.*

*Herbert Murphy* (*Timothy Shea* with him) for the petitioner.

*William C. Flanagan*, City Solicitor, for the city of Springfield & others.