MARIO LEBERT & others, petitioners.   November 19, 1974.   This purports to be an appeal from an order of a single justice of this court dismissing for lack of a meritorious case (see *St. Nicholas Russian Benefit Soc. Inc.* v. *Yaselko*, 279 Mass. 81, 85 [1932]; *Board of Health of Franklin* v. *Hass*, 342 Mass. 421, 422-423 [1961]; contrast *General Motors Corp., petitioner*, 344 Mass. 481, 482-484 [1962]; *Fall River, petitioner*, 346 Mass. 333, 334-336 [1963]) a petition (originally filed in the Supreme Judicial Court but transferred to this court under G. L. c. 211, § 4A, as amended through St. 1972, c. 740, § 2) under G. L. c. 211, § 11 (as appearing in St. 1960, c. 207, § 1), for the late entry of a substitute bill of exceptions allowed by the Superior Court.   That court dismissed the bill following the unreasonable refusal of the petitioners' counsel, without first seeking relief from the court, to pay either of the alternative estimates given by the clerk pursuant to G. L. c. 231, § 135 (as amended through St. 1971, c. 843, § 16).   Compare *Royal Tool & Gauge Corp.* v. *Clerk of the Courts for the County of Hampden*, 326 Mass. 390, 391-392 (1950). We concur in the conclusion of the single justice for the reason that none of the counts of the amended declaration or of the proposed substitute declaration adequately alleged that any of the injuries sustained was a reasonably foreseeable consequence of any of the sales of alcoholic beverages which were alleged.   See *Barboza* v. *Decas*, 311 Mass. 10, 13 (1942); *Dimond* v. *Sacilotto*, 353 Mass. 501, 502-503 (1968).   Contrast *Adamian* v. *Three Sons, Inc.* 353 Mass. 498 (1968); *Carey* v. *New Yorker of Worcester, Inc.* 355 Mass. 450, 451-453 (1969); *Sweenor* v. *162 State St. Inc.* 361 Mass. 524, 526 (1972).   There was no occasion for the Superior Court to act on a request for a ruling of law which was presented in the abstract.   As the underlying action was one at law, review of the order of the single justice pursuant to the second paragraph of Rule 2:01 of the Appeals Court, 1 Mass. App. Ct. 896 (1972), should have been by a bill of exceptions rather than by appeal.   See *St. Nicholas Russian Benefit Soc. Inc.* v. *Yaselko*, 279 Mass. 81, 83 (1932); *Arruda, petitioner*, 347 Mass. 772 (1964).   Compare *Assessors of Swampscott* v. *Lynn Sand & Stone Co.* 360 Mass. 595, 596 (1971).   Accordingly, the entry will be

*Appeal dismissed.*

*Herbert Murphy* (*Timothy Shea* with him) for the petitioners.

*William K. Danaher, Jr.*, for Brown Package Store, Inc.

*Matthew J. Ryan, Jr.* (*James Mahoney* with him) for Wason Avenue Package Store, Inc.