HOPKINTON LNG CORP. *vs.* STATE TAX COMMISSION.

Suffolk.     March 9, 1977. — April 1, 1977.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Taxation,* Manufacturing corporation.   *Words,* "Manufacturing."

A corporation which engaged in converting natural gas into a liquid through a refrigeration process was not a "manufacturing corporation" within the meaning of G. L. c. 58, § 2, and c. 63, § 38C. [287-288]

APPEAL from a decision of the Appellate Tax Board.

*Gerald May* for the taxpayer.

*Andrew J. McElaney, Jr.,* Assistant Attorney General, for the State Tax Commission.

BRAUCHER, J.   The taxpayer converts natural gas into a liquid through a refrigeration process, and claims that it is a "manufacturing corporation" under G. L. c. 58, § 2,[1] and G. L. c. 63, § 38C.[2] It was so classified, but the classification was revoked as of January 1, 1973. The Appellate Tax Board (board) held that the process constitutes a service and not a manufacturing activity, and we affirm. The taxpayer conceded in argument that its alternative claim of exemption under G. L. c. 59, § 5, Sixteenth (2),[3] for "personal property directly used in the refrigeration of goods, . . ." is not properly before us.

We summarize the board's findings. The taxpayer does not own, buy or sell gas in its natural or liquid form. Its customers deliver gas to it in the warm months, when supplies exceed demand, and it converts the gas into liquid form. The liquid is stored and later, in the cold months of peak demand, is vaporized and distributed. The process of liquefaction is one of refrigeration, compression and removal of certain components of the gas. The processing causes substantial physical and chemical changes in the gas; the purpose is more efficient storage, handling and shipment.

The term "manufacturing" has no technical meaning, and we have used a standard or commonplace definition emphasizing the production of "something possessing a new nature and name and adapted to a new use." *First Data Corp.* v. *State Tax Comm'n,* 371 Mass. 444, 446-447 (1976), quoting from *Commissioner of Corps. & Taxation* v. *Assessors of Boston,* 321 Mass. 90, 94 (1947). See the

---

[1] As amended through St. 1969, c. 537, § 1.

[2] As appearing in St. 1970, c. 634, § 4. See St. 1976, c. 415, § 32.

[3] As appearing in St. 1957, c. 541.

numerous cases collected in *Assessors of Boston* v. *Commissioner of Corps. & Taxation,* 323 Mass. 730, 740-744 (1949). We think the board's findings do not as matter of law require a conclusion that natural gas has a new nature, name or use after it has been liquefied and later vaporized, even though there are physical and chemical changes incidental to the process.

*Decision affirmed.*