RUDNICK REALTY *vs.* BOARD OF ASSESSORS OF WESTBOROUGH. September 28, 1977. The assessors of Westborough appeal under G. L. c. 58A, § 13, from a decision of the Appellate Tax Board granting an abatement of real estate taxes for the year 1973 on refrigeration equipment installed in a frozen food storage warehouse. The taxpayer leased the land and building to a domestic business corporation, and during construction of the building the lessee purchased the refrigeration equipment from a company which installed it. The board took a view and found that the equipment was personal property and should not have been included in the valuation of the real estate under G. L. c. 59, § 3. The rule that land and buildings are properly taxed as a unit "does not apply to machinery used in manufacture, which, if it is not real estate, may be exempt from taxation as personal property under G. L. c. 59,

§ 5, Sixteenth (3)." *Assessors of Dartmouth* v. *B.A. Simeone, Inc.,* 359 Mass. 756 (1971), and cases cited. See *Assessors of Swampscott* v. *Lynn Sand & Stone Co.,* 360 Mass. 595, 597-599 (1971). We think the rule is likewise inapplicable to refrigeration equipment which may be exempt under G. L. c. 59, § 5, Sixteenth (2). Cf. *Hopkinton LNG Corp.* v. *State Tax Comm'n,* 372 Mass. 286 (1977) (issue not properly raised). So far as the question whether the equipment was erected on or affixed to the real estate or building is a question of fact, the decision of the board is final. *Coomey* v. *Assessors of Sandwich,* 367 Mass. 836, 839 (1975).

*Decision affirmed.*

*Robert J. Gallagher* for the Board of Assessors of Westborough.
*Robert V. Deiana* for the taxpayer.

