Hinkle, J.
BACKGROUND
The plaintiff, Linda Connolly ("Connolly"), filed suit against defendant Pope Housing, Inc. (“Pope”) after she was injured in a relocatable classroom building (“R.C.B.”) constructed by Pope and leased to third-party defendant Town of North Andover (“North An-dover”). Connolly has received an unspecified amount of worker’s compensation payments on account of her injury. After Connolly filed her complaint, Pope brought a third-party action against North Andover for indemnity.
The lease between Pope and North Andover states in part:
1. Definitions
E. “Personal Property” means all parts of the R.C.B. as detailed in the Plans and Specifications (R.C.B. structure, equipment), which may be affixed or otherwise installed at or upon the Premises.
14. Indemnity
Lessee shall indemnify and save harmless the Lessor from and against all liabilities, losses, damages, suits, penalties, judgments, claims and expenses of every kind, including reasonable counsel fees, by or on behalf of any party and arising or alleged as arising out of any accident, injury or damage which shall happen in or about the R.C.B. or Premises, however occurring, or for any matter arising from the conditions occuppation [sic], maintenance, repair, alteration or use of the R.C.B. or premises during this lease including damage to Lessee’s Personal Property, except injury or damage caused by the Lessor or its agent or attributable to a condition which is the obligation of the Lessor to repair hereunder and for which the Lessor had received written notice thereof and had a reasonable period of time in which to repair said condition.
North Andover has moved for summary judgment, arguing that the indemnification clause of the lease is against public policy and unenforceable under M.G.L.c. 186 section 15. Pope has cross-moved for summary judgment, arguing that section 15 does not apply in this case since R.C.B.s are personal property under the lease and Massachusetts law. In its memorandum in opposition to Pope’s motion for summary judgment, North Andover also argues that Pope’s indemnity claim is barred by the Workers’ Compensation statute.
For the following reasons, North Andover’s motion is DENIED, and Pope’s motion is ALLOWED.
DISCUSSION
This Court allows summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
In this case, neither party disputes Connolly’s receipt of workers’ compensation funds following her injury. North Andover argues that the workers’ compensation statute bars Pope’s indemnity action and that North Andover is therefore entitled to judgment as a matter of law.
The Supreme Judicial Court has ruled that indemnity actions against an insured employer arising out of an injury compensated by workers’ compensation are usually barred. Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 37 (1983); M.G.L.c. 152, section 24. An exception exists when the insured employer and the party pursuing the indemnity action have made an express or implied contract of indemnification. Decker v. Black & Decker Mfg. Co., supra, at 37; Larkin v. Ralph O. Porter, Inc., 405 Mass. 179, 182 (1989). Although the Court has reserved ruling on whether an express indemnification contract removes the statutory bar from the indemnity action, it has ruled that an implied indemnification contract removes the bar. Larkin, supra, at 182. Since in this case the lease between Pope and North Andover contains a written indemnification agreement, this Court must decide if this agreement is enforceable before determining if the workers’ compensation bar applies.
The next question before the Court concerns the definition of the R.C.B. as personal property under the lease. If the R.C.B. is personal property, M.G.L.c. 186, section 15[2] does not apply. Although the definition of the R.C.B. as real or personal property is a question of law, the definition cannot be made at the summary judgment stage if disputed issues of material fact exist concerning the nature, description and function of the R.C.B.
Here neither party disputes the written language of the lease. The only party that provides any verified evidence, other than the terms of the lease, concerning the description, design, use or function of the R.C.B. is North Andover. The facts are presented in the depositions of G. Douglas Pope and Emerson C. Simpson. The deposition of Paul Szymanski, submitted by Pope, does not controvert or challenge any of the facts concerning the nature of the R.C.B. submitted by North Andover. Since no issues of material fact are present, I address as a matter of law whether the R.C.B. is real property and not personal property as defined in the lease.
*269 The designation of an item as “real” or “personal” property in a lease or contract cannot change the legal status of the item. While no court in Massachusetts has ruled whether relocatable or modular classroom buildings are real or personal property, the Supreme Judicial Court and the Department of Revenue have considered the proper definition of modular and mobile homes. Modular housing possesses characteristics similar to those of R.C.B.s: generally, it is prefabricated before sale, moved to the site at which it will be situated, and then cemented into the foundation. It can later be removed and placed in a new location, but this process is difficult if the house has been secured to the foundation. The movable nature of modular and mobile housing is not unique: practically every type of house can be physically dismantled and moved to a new location, although the process can be expensive and long. The Supreme Judicial Court defined mobile homes that are affixed to concrete foundations as “real property” for the purposes of taxation[3] in Ellis v. Board of Assessors of Acushnet, 358 Mass. 473 (1970). In contrast, machinery that is affixed to real property does not become real property. Board of Assessors of Swampscott v. Lynn Sand and Stone Co., 360 Mass. 595 (1971). The Court has not determined the status of modular homes, but this question has been the subject of several Massachusetts Department of Revenue Letter Rulings. The rulings consider modular houses to be personal property when sold by a manufacturer to a dealer. However, when the houses are sold by a dealer to a consumer and placed on their intended site, they become real property. See, e.g.: Letter Ridings of the Commissioner of Revenue, L.R. 82-120 (1982); L.R. 83-68 (1983); L.R. 85-42 (1985); L.R. 87-7 (1987). For the foregoing reasons, I rule that the R.C.B. in this case constitutes real property.
The third issue before the Court is wholly a matter of law. North Andover and Pope take contradictory positions on whether M.G.L.c. 186, section 15 applies in this case. This statute makes void as against public policy indemnification clauses in real estate leases; if the statute is applied, the indemnification clause in the lease is void, and therefore summary judgment for North Andover is warranted by the operation of the workers’ compensation bar.
On its face, the statute does not distinguish between different types of real estate leases or different types of tenants. The statute applies equally to residential and commercial tenants. It is possible to argue that since this statute applies whatever the difference in bargaining power between lessors and lessees, it should also apply to the situation where a town, with its bargaining power, signs a lease agreement with a commercial lessor.
However, the statute voids indemnity agreements in leases because they are contrary to public policy; the statute is designed to protect lessees. Public policy tolerates contracts that allocate risk in other contexts. Minassian v. Ogden Suffolk Downs, Inc. 400 Mass. 490 (1987), citing Lee v. Allied Sports Associates, 349 Mass. 544, 550 (1965). Accordingly I rule that the statute is inapplicable where the lessee is a governmental entity that freely chooses to enter a contract that normally would be void for public policy reasons where the voiding statute is designed to protect contracting parties in the same position as the governmental entity. The Town of Andover should not be permitted to select a lease through a competitive bidding process and later argue that a provision of the lease is void as against public policy.
Since the indemnification provision of the lease is applicable here, I rule that Pope’s indemnity claim against North Andover is not barred by the workers’ compensation statute. The indemniiy provision of the lease states the intention of the parties that Pope would be indemnified by North Andover for all claims that may arise from injuries occurring within the R.C.B. This provision includes the obligation of North Andover to insure that Pope is indemnified for all compensatory payments it may be required to make to the plaintiffs.
ORDER
For the foregoing reasons, third-party defendant’s motion for summary judgment is DENIED, and defendant/third-party plaintiffs cross-motion for summary judgment is ALLOWED.

M.G.L.c. 186, section 15 provides in relevant part that:
Any provision of a lease or other rental agreement relating to real property whereby a lessee or tenant enters into a covenant, agreement or contract, by the use of any words whatsoever, the effect of which is to indemnify the lessor or landlord or hold the lessor or landlord harmless, or preclude or exonerate the lessor or landlord from any and all liability to the lessee or tenant, or to any other person, for any omission, fault, negligence or other misconduct of the lessor or landlord . . . shall be deemed to be against public policy and void.

Massachusetts statutes define “real estate for the purpose of taxation” as “all land within the Commonwealth and all buildings and other things thereon or affixed to . . .” M.G.L.c. 59, section 2A.