This appeal arises from a denial by a single justice of this court of the plaintiff's motion to vacate the order dismissing her appeal (motion). The plaintiff argues that the single justice abused his discretion in denying the motion. We affirm.
We discern no abuse of discretion in the single justice's denial of the motion. See Troy Indus., Inc. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010) ; Merchants Ins. Group v. Spicer, 88 Mass. App. Ct. 262, 271 (2015). The plaintiff failed to prosecute the appeal, disregarding numerous deadlines and providing an explanation only after the deadlines had lapsed. On at least three occasions, the clerk issued a notice preceding dismissal pursuant to this court's Standing Order Concerning Dismissal of Appeals and Reports in All Cases for Lack of Prosecution (Standing Order). The last such notice issued on December 1, 2015, due to the plaintiff's failure, without explanation, to file her brief and appendix by November 13, 2015. By operation of the Standing Order, the plaintiff was given an additional fourteen days from the issuance of the December 1, 2015, notice to file a motion to enlarge time to file her brief and appendix. Again, no such motion was filed timely.
In her motion, the plaintiff provides no legal basis for its allowance and refers to an affidavit of counsel submitted with the motion. The affidavit states that counsel purportedly encountered technical problems when attempting to print the brief and appendix. In addition, the affidavit gives a one paragraph description of the issues sought to be raised in the appeal without any legal argument or citation to authority supporting the issues identified therein. The plaintiff has made no showing that the underlying appeal has merit. See Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975).[4]
The orders of the single justice entered January 8, 2016, and January 20, 2016, are affirmed.

The defendants' request for appellate attorney's fees is denied.