NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12419


ARA ERESIAN, JR.,[1] & another[2]  <u>vs</u>.  JOHN PAUL SCHEFFER & others.[3]


November 13, 2018.



<u>Supreme Judicial Court</u>, Superintendence of inferior courts.
    <u>Practice, Civil</u>, Self-representation.


        Each of the two petitioners in this case, Ara Eresian, Jr., and Evelyn J. Eresian, is a trustee of a trust; both have initiated several lawsuits pertaining largely, if not wholly, to the foreclosure of a home in Shrewsbury in 1990; neither is an attorney.  In the county court, the petitioners filed a petition pursuant to G. L. c. 211, § 3, in which they asked the court to address the issue whether a "non-lawyer trustee" is "entitled" to "self-representation."  That is, they asked the court to address the issue whether a trustee can appear "pro se" to represent a trust.  As best we can discern from the petition, which is difficult to parse, the petitioners averred that in various lower court proceedings they were sometimes allowed to represent their respective trusts and sometimes not.  A single justice denied the petition without a hearing.

_____

        [1] As trustee for Zitel Realty Trust.

        [2] Evelyn J. Eresian, as trustee for Marion D. Aharonian.

        [3] Martha M. Scheffer, and numerous other individuals and corporations who have not appeared in this appeal.  The petitioners also named the Superior Court in Plymouth County as a respondent; the court is a nominal party only.  See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

The petitioners filed a notice of appeal and, after the appeal was entered in this court, one of them, Evelyn, filed a motion for leave to file a "pro se" brief "on behalf of" the Marion D. Aharonian trust. Regardless of whether we were to allow the motion, and putting aside the fact that Ara has not joined the motion or otherwise sought to proceed with the appeal, the petitioners are not entitled to relief pursuant to G. L. c. 211, § 3. Such relief is properly denied "where there are adequate and effective routes . . . by which the petitioning party may seek relief." Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996). In the cases to which the petitioners referred in their petition, where, they allege, they were not allowed to proceed on behalf of their respective trusts, there is no reason why they could not have raised the "pro se" representation issue therein by, for example, raising it in an appeal from any adverse ruling or final judgment.[4] Given the number of legal proceedings in which the petitioners are involved, they are undoubtedly aware of such avenues for review. This case does not, in short, present the type of exceptional circumstance that requires the exercise of this court's extraordinary power of general superintendence pursuant to G. L. c. 211, § 3.

The single justice did not err or abuse his discretion in denying relief.

Judgment affirmed.

The case was submitted on briefs.
Ara Eresian, Jr., pro se.
Evelyn J. Eresian, pro se.
Meredith A. Swisher & Robert W. Stetson, III, for the respondents.

---

[4] Indeed, in at least one appeal Evelyn Eresian did raise the issue in an appellate brief (and she was represented by counsel at that time). That appeal was from a denial by a single justice of the Appeals Court of a motion, by Eresian, to vacate an order dismissing an underlying appeal, and the "pro se" issue was thus not addressed. See Eresian v. Scheffer, 92 Mass. App. Ct. 1110 (2017). Contrary to any suggestion by the petitioners, this by no means demonstrates that they did not have an adequate alternative remedy; rather, they had such a remedy but failed to properly pursue it.