NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-276

NEWREZ LLC[1]

vs.

FREDERICK J. NUZZO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from two orders entered by a single justice of this court. One order vacated the entry of an appeal and the other order denied a motion for reconsideration of that decision. We affirm.

The underlying case involved a complaint for declaratory relief wherein judgment entered for the plaintiff. The defendant filed a notice of appeal, and a notice of assembly of the record was issued on November 14, 2022.[2] The defendant did not enter the appeal by paying the docketing fee or request waiver of the docketing fee until December 9, 2022, which

_____

[1] Formerly known as New Penn Financial doing business as Shellpoint Mortgage Servicing.

[2] The defendant's reply brief erroneously asserts that the notice of assembly was issued on December 12, 2022. That was the date on which the Clerk of this court sent a notice of entry of the appeal.

exceeded the fourteen days provided by Mass. R. A. P. 10 (a) (1), as appearing in 481 Mass. 1618 (2019). His request to waive the entry fee was conditionally allowed subject to review by the single justice, and the appeal was docketed, but thereafter, the defendant was ordered to show cause why the docketing was timely. On January 9, 2023, the defendant filed a motion to enlarge the time to docket the appeal, see Mass. R. A. P. 10 (a) (3). The motion was denied by the single justice without prejudice to renewal "accompanied by a showing of a meritorious issue on appeal." The defendant then filed a pleading that he styled as "Response to Show Cause Order."[3] The single justice denied that pleading as well, concluding that the defendant did not establish a meritorious issue on appeal. Accordingly, she vacated the entry of the appeal. The defendant filed a "response," which the single justice construed as a motion to reconsider, and after reconsideration, she denied the motion. This appeal followed.[4]

As is the case here, when an appellant fails to enter a civil appeal in a timely manner and seeks enlargement of the

---

[3] The response included the defendant's self-report of health issues with attached Internet articles, but it did not contain any reference to what he claimed was a meritorious appellate issue.

[4] The defendant filed a brief, reply brief and record appendix which primarily address his arguments concerning the underlying judgment. Because those issues are not before us, we do not address them.

time, he must show that he "has a case meritorious or substantial in the sense of presenting a question of law deserving judicial investigation and discussion."  Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975).  We review the single justice's order vacating the entry of the appeal and denying reconsideration for an error of law or abuse of discretion.  See Troy Indus. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010).  Because the defendant failed to make a showing as required by Tisei, supra, we conclude that the single justice did not abuse her discretion in entering the challenged orders.[5]  See Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 833 (2019).

Order vacating entry of
  appeal affirmed.

Order denying motion for
  reconsideration affirmed.

By the Court (Milkey, Blake &
  Sacks, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  October 4, 2023.

---

[5] The defendant's argument that the plaintiff should have been defaulted for failure to timely answer the defendant's counterclaim is meritless.  The Superior Court docket reflects that the plaintiff filed its answer on February 9, 2021, more than one week before the defendant filed his affidavit seeking a default.

[6] The panelists are listed in order of seniority.