NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-740

JORDAN OSCAR

vs.

STONE & SKILLET, LLC & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jordan Oscar, appeals from orders of a single justice of this court denying his motion to file a late notice of appeal from a Superior Court judgment of dismissal and an order denying his motion for reconsideration.  We affirm.

In October 2022, Oscar filed a civil action against the defendant, Stone & Skillet, LLC, (Stone & Skillet) his former employer.  In November 2022, Oscar filed an amended complaint in which he added Stone & Skillet's attorney, Ryan Schaiberger, as a defendant.  In January 2023, a judge allowed Schaiberger's

_____

[1] Ryan L. Schaiberger.  The amended complaint identifies Schaiberger as "Ryan L. Chaiberger."  The single justice action, which is the subject of this appeal, identifies the defendant as "Ryan L. Schaiberger."  To the extent there is a misnomer, it is not material to the issues on appeal.

motion to dismiss.  On March 3, 2023, a judge allowed Stone &
Skillet's motion to dismiss.  On March 16, 2023, judgment
entered, dismissing the complaint in its entirety.  On September
13, 2023 (entered September 14, 2023), a judge denied Oscar's
motion for reconsideration.  On June 3, 2024, Oscar filed a
motion for leave to file a late notice of appeal with the single
justice session of this court.  The single justice denied the
motion and Oscar's subsequent motion to reconsider.  This appeal
ensued.

We review single justice decisions on enlargements of time
for error of law or abuse of discretion.  See Troy Indus., Inc.
v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2002).  A
single justice may not enlarge the time for filing a notice of
appeal beyond one year from the date of entry of the judgment
sought to be reviewed.  See Mass. R. A. P. 14 (b), as appearing
in 481 Mass. 1626 (2019).  Accordingly, the single justice did
not abuse her discretion by denying Oscar's motion with respect
to the March 16, 2023, judgment, as Oscar filed his motion for
leave to file a late notice of appeal more than one year after
the judgment entered.

The single justice also denied Oscar's motion to file a
late notice of appeal from the trial court's denial of his
motion to reconsider.  For the single justice to grant an

2

enlargement of time to file a notice of appeal, Oscar was required to show both excusable neglect and at least one meritorious appellate issue. See Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 378-379 (1975). Even assuming excusable neglect, Oscar failed to demonstrate that there was a meritorious appellate issue as to his motion to reconsider because he showed neither changed circumstances nor a demonstrable error in the judge's original decision dismissing the action. See Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470 (2012). Thus, the single justice did not abuse her discretion by denying Oscar's motion for leave to file a late notice of appeal with respect to the motion for reconsideration.

Having concluded that the single justice did not err in denying the motion to file a late notice of appeal, we also conclude that her denial of Oscar's motion to reconsider her order was not an abuse of discretion. Again, we review the single justice order denying Oscar's motion to reconsider for abuse of discretion. See Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 278 (2020). Here, Oscar has failed to demonstrate that the single justice "made a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable

3

alternatives" (quotation and citation omitted).  <u>L.L.</u> v.

<u>Commonwealth</u>, 470 Mass. 169, 185 n.27 (2014).

<u>Orders of the single justice</u>
<u>affirmed</u>.

By the Court (Vuono,
Brennan & D'Angelo, JJ.[2]),

Clerk


Entered:  March 18, 2025.

---

[2] The panelists are listed in order of seniority.