NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-649

N.S.

vs.

S.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, S.S., appeals from an order of a single justice of this court denying his motion to docket appeal late. We affirm.[1]

Background.  On June 27, 2022, the plaintiff, N.S., sought a harassment prevention order pursuant to G. L. c. 258E in the Superior Court, and obtained a temporary order on an ex parte basis.  Following a two-party hearing on July 13, 2022, a Superior Court judge extended the harassment prevention order for one year (2022 order).  The defendant retained counsel (prior counsel), who filed a timely notice of appeal from the 2022 order on August 3, 2022.  On September 6, 2022, the record was assembled and transmitted to this court.  The defendant was

_____

[1] The plaintiff did not file an appellate brief.

required to take action to docket the appeal within fourteen days but failed to do so. See Mass. R. A. P. 10 (a) (1), as appearing in 481 Mass. 1618 (2019). Thus, the appeal from the 2022 order was never docketed, and neither the defendant nor prior counsel filed a motion to docket the appeal late.

On July 13, 2023, a different Superior Court judge extended the harassment prevention order for six months (2023 order). Thereafter, the defendant hired successor counsel, who entered an appearance in the Superior Court on August 3, 2023. On August 4, 2023, successor counsel filed a timely notice of appeal from the 2023 order. This time, the defendant took the necessary steps to docket the appeal from the 2023 order. On April 24, 2024, a panel of this court issued an unpublished decision affirming the 2023 order. See N.S. v. S.S., 104 Mass. App. Ct. 1103 (2024). In that decision, the panel addressed the 2023 order but declined to address the defendant's claims regarding the 2022 order because, as noted above, the defendant had failed to docket the appeal from the original order.

On May 14, 2024, the defendant, still represented by successor counsel who filed and argued the appeal from the 2023 order, filed a motion to docket late an appeal from the 2022 order in the single justice session of this court.[2] On May 21,

_____

[2] In his affidavit in support of his motion to docket appeal late, the defendant averred that he contacted an attorney (first

2

2024, the single justice issued a written order denying the

motion as follows:

> "The defendant seeks to docket an appeal late from a 07/13/2022 extension of a harassment prevention order pursuant to G. L. c. 258E after a two party hearing. The record was assembled by the Superior Court and transmitted to this court over twenty months ago on 09/06/2022. To docket an appeal late, an appellant must establish both excusable neglect and at least one meritorious appellate issue. See Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 378-379 {1975}. In support of the defendant's motion, the defendant relies on the malfeasance of his former counsel who was subsequently disbarred. However, the defendant secured replacement counsel that entered an appearance in the trial court on 08/04/2023 and litigated an appeal of a subsequent extension of the harassment prevention order. See 2023-[P]-1008. No request to docket this appeal was made during the pendency of that appeal, which was resolved by an unpublished disposition pursuant to Appeals Court Rule 23.0 on 04/24/2024. After consideration of the circumstances of this case, I conclude the defendant has failed to establish excusable neglect to allow the appeal to be docketed at this time. Accordingly, the motion is denied."

The defendant now appeals from the single justice's order.

Discussion. In cases in which an appellant fails to docket

a civil appeal in a timely manner, pursuant to rule 10 (a) (1),

the appellant must, as a threshold matter, demonstrate that the

delay was caused by excusable neglect. See Howard v. Boston

counsel) in July of 2022, who agreed to handle his appeal; that first counsel filed a notice of appeal, but failed to docket the appeal or file a motion for leave to docket the appeal late; and that first counsel never advised him of the requirement to docket the appeal. The defendant also averred that he was informed in October of 2022 that first counsel's law office "had been shut down due to improper handling of client money and failing to provide services retained for."

Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 122 (2019). "Excusable neglect" has been defined to encompass "circumstances that are unique or extraordinary, not [] any 'garden-variety oversight.'" Id. at 123; quoting Shaev v. Alvord, 66 Mass. App. Ct. 910, 911 (2006). We review the action of the single justice on such a motion for abuse of discretion. See Tisei, 3 Mass. App. Ct. at 378.

In the present case, we discern no abuse of discretion in the single justice's denial of the motion to docket the appeal late. The defendant argues that the delay in docketing the appeal from the 2022 order was caused by excusable neglect for the following reasons: (1) he was unable to hire appellate counsel after the 2022 order was issued "[d]ue to the ongoing COVID pandemic"; (2) he eventually hired prior counsel who failed to properly docket the appeal and proved to be unreliable as evidenced by his subsequent disbarment in October 2023; and (3) he should not be punished for the "bad acts" of prior counsel.

While we are sympathetic to the defendant's experience with prior counsel, the defendant's argument ignores the undisputed fact that successor counsel entered an appearance in August of 2023 and filed and litigated the appeal from the 2023 order, yet never moved, between August of 2023 and May of 2024, to docket late the appeal from the 2022 order. Indeed, the defendant

4

offers no explanation for this failure beyond the conclusory statement that "the damage had already been done by prior counsel." The alleged errors of prior counsel do not excuse the failure of successor counsel to docket the appeal late where there was nothing that precluded him from doing so.[3] See BJ's Wholesale Club, Inc. v. City Council of Fitchburg, 52 Mass. App. Ct. 585, 587-588 (2001) ("Excusable neglect . . . 'is [meant] to take care of emergency situations only'" [citation omitted]). In short, the defendant has not articulated any "unique or extraordinary" circumstances constituting excusable neglect (citation omitted). Howard, 96 Mass. App. Ct. at 123. Where successor counsel was not only able to litigate the appeal from the 2023 order and had nine months during that time to seek to docket late the appeal from the 2022 order, but took no steps to

---

[3] Rather than file a motion to docket the appeal late, the defendant first attempted to argue his claims regarding the 2022 order in his appeal from the 2023 order. As noted, the panel declined to consider those arguments.

5

do so, we cannot say that the single justice abused her discretion.

> Order of the single justice
>    entered May 21, 2024,
>    affirmed.
>
> By the Court (Neyman, Shin &
>    Wood, JJ.[4]),

Clerk

Entered: April 18, 2025.

---

[4] The panelists are listed in order of seniority.